NEW YORK RAPID TRANSIT CORPORATION, Respondent,
*v.* CITY OF NEW YORK, Appellant.

Argued June 10, 1937; decided July 13, 1937.

*Paul Windels, Corporation Counsel* (*Paxton Blair, Oscar ·S. Cox, Sol Charles Levine* and *Meyer Bernstein* of counsel), for appellant. The local laws do not violate the obligation of contracts clause of the Federal Constitution. (*Gaston* v. *New London Northern Ry. Co.*, 33 Fed. Rep. [2d] 183; *Puget Sound Power & Light Co.* v. *Seattle*, 291 U. S. 619; *Southern Boulevard R. Co.* v. *City of New York*, 86 Fed. Rep. [2d] 633.) The fact that the tax is specially burdensome upon the plaintiff because of certain incidental features of its business, does not make it violative of due process. (*Fox* v. *Standard Oil Co.*, 294 U. S. 87; *Southern Boulevard R. Co.* v. *City of New York*, 86 Fed. Rep. [2d] 637; *Great Atlantic & Pacific Tea Co.* v. *Grosjean*, 301 U. S. 412; 57 Sup. ·Ct. 772; *Powell* v. *Pennsylvania*, 127 U. S. 678.) The failure to tax other transportation companies, or to make the tax State-wide in its operation, does not result in a violation of the equal protection clause. Nor is it unconstitutional to earmark the proceeds of the tax to relieve a condition the plaintiff has not caused. (*Puget Sound Power & Light Co.* v. *Seattle*, 291 U. S. 619; *Quaker City Cab Co.* v. *Pennsylvania*, 277 U. S. 389; *Royster Guano Co.* v. *Virginia*, 253 U. S. 412; *New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *Tenement House Dept.* v. *Moeschen*, 179 N. Y. 325; 203 U. S. 583; *Brown Holding Co.* v. *Feldman*, 256 U. S. 170; *Matson Navigation Co.* v. *State Board of Equalization*, 297 U. S. 441; *Southern Pacific Co.* v. *Kentucky*, 222 U. S. 63; *Carmichael* v. *Southern Coal & Coke Co.*, 301 U. S. 495; *Union Refrigerator Transit Co.* v. *Kentucky*, 199 U. S. 194.) That the class of commission-controlled utilities to which the three per cent tax rate applies, embraces both rapid transit lines and power companies — groups which may exhibit different ratios of gross to net income — does not violate the equal pro-

tection clause. For the Municipal Assembly could have created a subdivision to fit each and then severally taxed them at the same rate. (*Metropolis Theatre Co.* v. *Chicago*, 228 U. S. 61; *New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *Stewart Dry Goods Co.* v. *Lewis*, 294 U. S. 550; *Fox* v. *Standard Oil Co.*, 294 U. S. 87; *Southern Boulevard R. Co.* v. *City of New York*, 86 Fed. Rep. [2d] 633; *Dane* v. *Jackson*, 256 U. S. 589.)

*Harold L. Warner, Henry Root Stern, Paul D. Miller* and *George D. Yeomans* for respondent. A tax of three per cent of gross income applied to a class of corporations which includes street railroad companies along with gas, electric, telephone and other utility companies, results in gross inequalities in the distribution of the tax burden among the members of the taxed class and denies to the plaintiff and other street railroad corporations the equal protection of the law, in violation of the Fourteenth Amendment of the Federal Constitution. (*Stebbins* v. *Riley*, 268 U. S. 137; *Stewart Dry Goods Co.* v. *Lewis*, 294 U. S. 550; *Royster Guano Co.* v. *Virginia*, 253 U. S. 412; *Hopkins* v. *So. Cal. Tel. Co.*, 275 U. S. 393; *Raymond* v. *Chicago Traction Co.*, 207 U. S. 20; *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283; *Valentine* v. *Great Atlantic & Pacific Tea Co.*, 299 U. S. 32; *Atlantic Coast Line R. R. Co.* v. *Powe*, 283 U. S. 401; *United States* v. *Carver*, 260 U. S. 482.) The classification by which street railroad corporations are taxed at a higher rate than ordinary business corporations for the special purpose of unemployment relief is arbitrary, unreasonable and in violation of the equal protection clause of the Federal Constitution, even if there be reasonable ground for taxing other utilities at a higher rate than ordinary business corporations for such special purpose. (*City of New York* v. *Interborough R. T. Co.*, 257 N. Y. 20.) The taxing of any utility for the special purpose of unemployment relief at a rate more than 3,000 per cent higher than the rate at which other persons and corporations are

taxed for the same special purpose does not rest upon any reasonable ground of difference having a fair and substantial relation to the object of the legislation but constitutes arbitrary and plainly hostile discrimination. (*Ohio Oil Co.* v. *Conway*, 281 U. S. 146; *Stebbins* v. *Riley*, 268 U. S. 137; *Royster Guano Co.* v. *Virginia*, 253 U. S. 412; *Louisville Gas & E. Co.* v. *Coleman*, 277 U. S. 32; *Airway Electric Appliance Co.* v. *Day*, 266 U. S. 71; *Schlesinger* v. *Wisconsin*, 270 U. S. 230; *Beers* v. *Glynn*, 211 U. S. 477; *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461; *Bell's Gap R. Co.* v. *Pennsylvania*, 134 U. S. 232; *Colgate* v. *Harvey*, 296 U. S. 404; *Lowry* v. *City of Clarksdale*, 154 Miss. 155; *Continental Ins. Co.* v. *Smrha*, 270 N. W. Rep. 122; *Louisiana* v. *Merchants' Ins. Co.*, 12 La. Ann. 802.) The money exactions levied upon plaintiff by the challenged enactments are not " taxation," but constitute the taking of its property without compensation in violation of the due process clause of the Fourteenth Amendment to the Federal Constitution. (*United States* v. *La Franca*, 282 U. S. 568; *United States* v. *Butler*, 297 U. S. 1; *Rickert Rice Mills* v. *Fontenot*, 297 U. S. 110; *Edye* v. *Robertson*, 112 U. S. 580; *C., B. & Q. Railway* v. *Drainage Commrs.*, 200 U. S. 561; *Pennsylvania Coal Co.* v. *Mahon*, 260 U. S. 393.) The local laws violate and impair the obligation of the contract in violation of section 10 of article I of the Federal Constitution. (*Brooklyn Bus Corp.* v. *City of New York*, 274 N. Y. 140; *New York Steam Corp.* v. *City of New York*, 268 N. Y. 137.) Where a tax is wholly void an involuntary payment thereof may be recovered back in an action for money had and received and it is not necessary to pursue the remedy provided for in the statute for the refund of taxes paid. (*Southern Boulevard R. R. Co.* v. *City of New York*, 86 Fed. Rep. [2d] 633; *Buder* v. *First Nat. Bank*, 16 Fed. Rep. [2d] 990; *Newman* v. *Supervisors*, 45 N. Y. 676; *Ætna Ins. Co.* v. *Mayor*, 153 N. Y. 331;

*Jex* v. *Mayor*, 103 N. Y. 536; *U. S. Trust Co.* v. *Mayor*, 144 N. Y. 488; *People ex rel. D. & H. C. Co.* v. *Parker*, 117 N. Y. 86; *Matter of Allen Square Co.* v. *Krieger*, 217 App. Div. 123.)

J. *Osgood Nichols* for Thomas E. Murray, Jr., as receiver of Interborough Rapid Transit Company, *amicus curiæ*. The local laws deprive the respondent and other street railways in the city of New York of the equal protection of the laws. (*American Press Co.* v. *Grosjean*, 10 Fed. Supp. 161; 297 U. S. 233; *Louisville Grass Co.* v. *Coleman*, 277 U. S. 32; *Stewart Dry Goods Co.* v. *Lewis*, 294 U. S. 550; *Valentine* v. *Great Atlantic & Pacific Tea Co.*, 12 Fed. Supp. 760; *Shaffer* v. *Carter*, 252 U. S. 37; *Henderson* v. *Mayor*, 92 U. S. 259; *St. Louis S. Ry. Co.* v. *Arkansas*, 235 U. S. 350; *Crew Levick Co.* v. *Pennsylvania*, 245 U. S. 292; *U. S. Glue Co.* v. *Oak Creek*, 247 U. S. 321; *Pacific Express Co.* v. *Seibert*, 142 U. S. 339; *South Utah Mines & Smelters* v. *Beaver Co.*, 262 U. S. 325.)

FINCH, J. The city of New York appeals from the denial of a motion to dismiss the complaint, affirmed without opinion by the Appellate Division, two justices dissenting, and here by reason of the Appellate Division certifying the question: Does the complaint herein state facts sufficient to constitute a cause of action?

This is an action for money had and received, brought by a transit company to recover taxes paid under protest, upon the ground that the taxing statutes are unconstitutional.

The city of New York, pursuant to enabling acts passed by the State Legislature, which empowered the city to impose any tax or taxes which the Legislature itself could impose, to raise money for unemployment relief, has enacted local laws placing a tax of three per cent on the gross income of all utilities subject to the supervision of either division of the Department of Public Service. (Local Law No. 30, 1935; Local Law No. 21, 1934, as amended by Local Law No. 2, 1935.)

At the outset, the city urges that the complaint should be dismissed on the ground that the remedy by way of action for money had and received is not available since the local laws provide an exclusive remedy for the recovery of illegally collected taxes, whether the illegality of the collection is because of over-assessment, over-valuation, or unconstitutionality. The remedy provided by the local laws furnishes a more expeditious procedure than the action at common law with its six year Statute of Limitations. It requires that all applications for refunds be made within one year of the payment of the tax and that a review by certiorari be applied for within thirty days of the refusal of the Comptroller to grant the refund. (Local Law No. 30, 1935, § 10; Local Law No. 21, 1934, as amended by Local Law No. 2, 1935, § 10.)

The provision on which the city relies applies to applications for refunds when the tax is " erroneously or illegally collected." The city points out that this is not a case where the laws as a whole are void. As applied to other public utilities they are perfectly valid. Only as applied to corporations situated as is the plaintiff is the claim made that they are void. But while it is clear that an exclusive remedy is provided for the recovery of illegal or erroneous exactions of an otherwise valid tax, it is not at all clear that it was intended to apply where the claim is made that the tax itself is void because of unconstitutionality. In view of this ambiguity we cannot construe the laws as depriving the plaintiff of the common law remedy of action for money had and received. (See *Buder* v. *First Nat. Bank*, 16 Fed. Rep. [2d] 990, 993; certiorari denied, 274 U. S. 743.) Having reached the conclusion that the exclusive remedy provided for by the local law does not apply where it is claimed that the tax is unconstitutional, it becomes unnecessary to determine whether the powers delegated by the Legislature to the city of New York included the power to provide such an exclusive remedy.

This brings us to the contention that the tax is unconstitutional.

The constitutionalty of this statute, in so far as the tax is levied on certain other public utilities, has been upheld. (*New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *Garfield* v. *New York Tel. Co.*, 268 N. Y. 549.) The contention is now made that in so far as the tax is levied on transit companies bound by contract to exact no more than a five-cent fare, it is invalid. This argument has been rejected in the Federal courts (*Southern Blvd. Ry. Co.* v. *City of New York*, 86 Fed. Rep. [2d] 633; certiorari denied, 301 U. S. 703 ), but that determination, while entitled to great weight, is not binding on this court.

At Special Term the complaint was held invalid on every ground save one, and that presents the major question for decision. To paraphrase that ground as alleged in the complaint, the tax was imposed at the same rate on gross incomes of different types of corporations " * * * which are so essentially different in character that the ratio of net income to gross receipts in the case of one is radically less than in the case of another * * *."

Special Term, after conceding that exact equality is not required of a tax and that there is nothing inherently improper in a tax on gross receipts, sustained the complaint on the ground that " * * * gross inequalities result from that method of taxation, and where this inequality is effectuated by the definition of the class to be taxed, the tax must fail," citing *Stewart Dry Goods Co.* v. *Lewis* (294 U. S. 550).

The particular inequality and inequity claimed by the plaintiff is that it is arbitrarily classified, and that the burden of the tax does not fall equally on all those within the group — that the transit companies are required to pay a much greater percentage of their profits than other utilities. In other words, the constitutional objection is to the inclusion of corporations with relatively small net earnings under a fixed income tax rate, in a class with

corporations enjoying a ratio of net to gross so radically different as to effect an inequality of burden. Even if so, this does not furnish sufficient reason for declaring a tax invalid where it is imposed upon a group otherwise reasonably classified. Thus in *Alaska Fish Co.* v. *Smith* (255 U. S. 44), a tax imposed on herring products was held valid although no tax was levied on other fish or fish products. Also taxes imposed upon wholesale dealers in oil and like products, and not on other wholesale dealers (*S. W. Oil Co.* v. *Texas*, 217 U. S. 114), and taxes upon chain stores (*Tax Commissioners* v. *Jackson*, 283 U. S. 527), and many like taxes, have been upheld although it is evident that the burden of the tax falls more heavily on some in the classification than on others, whether by reason of low margin of profit, contractual obligations, competition, or other circumstances. The remedy if needed lies not with the judiciary but with the Legislature. (*McCray* v. *United States*, 195 U. S. 27, 56 *et seq.*)

The tax on gross receipts, which was held unconstitutional in *Stewart Dry Goods Co.* v. *Lewis* (294 U. S. 550), was a graduated or sliding scale tax on gross receipts, as contrasted with the fixed rate tax in the case at bar, and it was held therein by a majority of the court that there had been " no finding that the relation between gross sales and net profits, or increase of net worth, was constant, or even that there was a rough uniformity of progression within wide limits of tolerance " (p. 559).

The fallacy in the contention that the tax is unconstitutional because it classifies transit companies having a present small margin of profit and contractual inhibition against raising the fare charged by them, with other utilities having much larger margins of profit, is further revealed when we take into consideration that transit companies might have been grouped by themselves and a three percent gross receipts tax imposed while a separate three percent tax was imposed on other utilities. The transit companies could make no valid objection to a

tax so imposed. Concerned as we are primarily with substance rather than form, we see no reason for holding a tax on a certain type of utility invalid because it is imposed as part of a general tax on all utilities, when the same result could have been achieved by taxing various types of utilities under separate classifications.

The plaintiff insists also that the complaint is sufficient upon other grounds denied by the court at Special Term and affirmed by the Appellate Division. The plaintiff argues that the tax in question impairs the obligations of the contract of plaintiff with the city in violation of section 10 of article I of the Federal Constitution. The fact that the transit company, with State sanction, has entered into a contract with the city of New York which provides that it shall not charge more than a five-cent fare, in and of itself does not entitle it to exemption from tax. It has long been established that a grant of a franchise does not carry with it an implied surrender of the power to tax. (*Memphis Gas Light Co.* v. *Shelby County*, 109 U. S. 398; *St. Louis* v. *United Rys. Co.*, 210 U. S. 266; *Puget Sound Light & Power Co.* v. *Seattle*, 291 U. S. 619.)

In *Brooklyn Bus Corp.* v. *City of New York* (274 N. Y. 140, 147) the contract specifically provided that " any new form of tax or additional charge that may be imposed by any ordinance of the City or resolution of the Board upon or in respect of the franchise * * * shall be deducted from the compensation payable to the City." In that case we held that the contract provision was intended to apply to local laws as well as other forms of additional taxes. The contracts of the transit companies with the city contain no such provision, and no reason appears for reading such a provision into the contracts. The transit companies contracted with the city to provide service at a five-cent fare, and to apportion their gross revenues according to a formula whereby the city and the companies are to share the income, but only after the com-

panies have been paid interest and sinking fund allowances on new moneys invested in the project. Taxes, of course, have priority over such interest and sinking fund payments.

Nevertheless, an attempt is made to argue that the imposition of the tax impairs the obligations of the contract in violation of article I, section 10, of the Federal Constitution because it enables the city to obtain funds out of the gross income without giving priority to the interest and sinking fund payments. The right to tax cannot be lost by such tenuous implication, and all doubt vanishes when we find that the contract itself makes provision for the deduction of taxes from gross revenues, and refers to " all taxes or other governmental charges of every description (whether on physical property, stock or securities, corporate or other franchises, or otherwise) assessed or which may hereafter be assessed against the lessee in connection with or incident to the operation of the railroad and the existing railroads." There is thus no basis whatever for reading into the above contract any express or implied obligation on the part of the city to surrender its power to tax the privilege granted to the plaintiff under laws either in existence at the time of the contract or thereafter enacted. Nor can any merit be found in the argument that the enabling acts, although general in language, must be construed as not intended to apply to transit companies because of their pre-existing contracts with the city.

Plaintiff further contends that the local laws in question deny plaintiff the equal protection of the laws under the Federal Constitution, in that they classify street railroad corporations and other utilities for taxation at a higher rate than ordinary business corporations for the special purpose of unemployment relief.

No one of the above contentions is well founded. We have already decided that the imposition of a tax on utility companies without imposing a similar tax on other industries and businesses is a valid classification and does

not constitute a denial of the equal protection of the laws. (*New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *Puget Sound Power & Light Co.* v. *Seattle*, 291 U. S. 619.)

Likewise the tax is not invalid because imposed upon utilities with the proceeds earmarked for purposes of unemployment relief. In sustaining the imposition upon the processing of cocoanut oil of a tax which Congress declared should " be held as a separate fund and paid to the Treasury of the Philipine Islands" (48 U. S. Stat. 680, 763), the court said: " Standing apart, therefore, the tax is unassailable. It is said to be bad because it is earmarked and devoted from its inception to a specific purpose. But if the tax, *qua* tax, be good, as we hold it is, and the purpose specified be one which would sustain a subsequent and separate appropriation made out of the general funds of the Treasury, neither is made invalid by being bound to the other in the same act of legislation." (*Cincinnati Soap Co.* v. *United States*, 301 U. S. 308, 313.)

Nor may street railroads successfully resist this tax because of alleged competition by city owned subways and by taxicabs, both of which are exempted from this classification. A city's conduct in operating its own subways, and exempting them from taxation, does not render an act unconstitutional. (*Puget Sound Power & Light Co.* v. *Seattle*, 291 U. S. 619.) Innumerable valid reasons suggest themselves for treating taxicabs differently from transit companies and other utilities. (See *Hicklin* v. *Coney*, 290 U. S. 169, and cases cited therein.)

Plaintiff further contends that the tax bears so heavily upon it as not to constitute taxation at all, but to amount to a taking of its property without compensation in violation of the due process clause of the Fourteenth Amendment to the Federal Constitution.

Plaintiff seeks to support the above contention through a process of elimination by insisting that these taxes cannot be justified otherwise and hence must amount

to a taking of property. As we have heretofore shown, the classification of the utilities and the imposition of these taxes for unemployment relief is not unlawful. Moreover, hardship arising from the burden of taxation or excessiveness does not render invalid an otherwise valid tax. (*Fox* v. *Standard Oil Co.*, 294 U. S. 87. Cf. *Great Atlantic & Pacific Tea Co.* v. *Grosjean*, 301 U. S. 412; *Powell* v. *Pennsylvania*, 127 U. S. 678.)

It follows that the orders should be reversed and the complaint dismissed with costs in all courts, and the question certified answered in the negative.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Orders reversed, etc.