SYDNEY ROSENTHAL, Appellant, v. CITY OF NEW YORK, Respondent.

Argued March 17, 1938; decided April 12, 1938.

*Charles H. Tuttle* and *Sydney S. Snyder* for appellant. Inasmuch as the operations of the plaintiff's assignor after January 30, 1934, were without franchise and illegal, such operations and the plaintiff's assignor were not thereafter under the supervision of either division of the Department of Public Service; and the local laws in question had no application thereto. (*Klinkenstein* v. *Third Ave. Ry. Co.*, 246 N. Y. 327; *Schafer* v. *City of New York*, 206 App. Div. 747; *Huff* v. *City of New York*, 202 App. Div. 425; *Bogart* v. *Walker*, 231 App. Div. 499; *City of New York* v. *Bee Line, Inc.*, 246 App. Div. 28;

271 N. Y. 595; *Clark* v. *LaGuardia,* 248 App. Div. 587; 273 N. Y. 639.) The intention of the city was not to include within the class taxed such corporations as plaintiff's assignor, and it lacked constitutional power to make such inclusion. The illegal bus operation was not privileged in any sense. (*Bogart* v. *Walker,* 231 App. Div. 499; *Brooklyn City R. R. Co.* v. *Whalen,* 191 App. Div. 737; 229 N. Y. 570; *Huff* v. *City of New York,* 202 App. Div. 425; *Kingsbridge Ry. Co.* v. *City of New York,* 204 App. Div. 369; *Matter of Walsh* v. *LaGuardia,* 245 App. Div. 835; 269 N. Y. 437.) " Supervision " implies a legal business, operation or subject-matter, capable of lawful oversight, control, regulation and direction. (*McCarthy* v. *Board of Supervisors,* 115 Pac. Rep. 458; *Peterson* v. *Time Indemnity Co.,* 140 N. W. Rep. 286; *Von Rosenberg* v. *Levett,* 173 S. W. Rep. 508; *Long Island R. R. Co.* v. *Dept. of Labor,* 256 N. Y. 498.)

*William C. Chanler, Corporation Counsel* (*William G. Mulligan, Jr.,* and *Charles W. Miller* of counsel), for respondent. The local laws applied to plaintiff's assignor. (*Brooklyn City R. R. Co.* v. *Whalen,* 229 N. Y. 570; *City of New York* v. *Village of Lawrence,* 250 N. Y. 429; *Leary* v. *City of New York,* 273 N. Y. 342; *Huff* v. *City,* 202 App. Div. 425.) The local laws do not become invalid because they applied to plaintiff's assignor. (*New York Steam Corp.* v. *City of New York,* 268 N. Y. 137.) The city was entitled to offset against plaintiff's claim the taxes accrued and owing to it by plaintiff's assignor on the date of the assignment to plaintiff. The court below properly fixed the amount of offset. (*Keon* v. *Saxton & Co.,* 257 N. Y. 412; *United States* v. *Stafoff,* 260 U. S. 477; *Foster* v. *Speed,* 120 Tenn. 470; *Welsh* v. *State,* 126 Ind. 71; *Butzman* v. *Whitbeck,* 42 Ohio St. 223.)

*Per Curiam.* The illegal activity of plaintiff's assignor in operating unfranchised buses upon public streets was not a business " subject to the supervision " of the Department of Public Service in the sense of that phrase as

used in the local laws in question. (Local Law 1933, No. 19, p. 127; Local Laws 1934, Nos. 10 and 21 [published as No. 22], pp. 115, 151.) These laws make a classification for tax purposes. When regard is had for the manifest policy underlying that classification, it is clear that unlawful undertakings are not included in the group upon which the tax is imposed. (*New York Steam Corp.* v. *City of New York*, 268 N. Y. 137; *New York Rapid Transit Corp.* v. *City of New York*, 275 N. Y. 258; 303 U. S. ——; 58 Sup. Ct. Rep. 721.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs to the appellant in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.