INTERNATIONAL HARVESTER CREDIT CORPORATION et al., Plaintiffs, v. ALLEN J. GOODRICH et al., Constituting the State Tax Commission, Defendants.

Third Department, July 8, 1954.

*John T. DeGraff, Ralph D. Semerad* and *John J. Kelly, Jr.,* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Wendel P. Brown, John C. Crary, Jr.,* and *Robert W. Bush* of counsel), for defendants.

IMRIE, J. The parties have submitted this controversy upon a stipulated statement of facts pursuant to section 546 of the Civil Practice Act. Plaintiffs ask for judgment that the tax lien priority asserted by defendants under article 21 of the Tax Law (Highway Use Tax Law) be declared unconstitutional and invalid, and that certain bonds filed by them, under protest, to secure payment of such liens be cancelled and returned.

In 1953 International Harvester Company and Brockway Motor Company, Inc., sold three tractors to Eastern Cartage and Leasing Company, Inc. (herein referred to as Eastern), a carrier subject to the tax imposed by article 21. The carrier owned at least fifteen motor vehicles as defined in the article. In each sale the vendor took a valid conditional sales agreement as a portion of the purchase price. Each vehicle became subject to article 21. The conditional sales agreements pertaining to the two sales by International Harvester Company were duly assigned to plaintiff International. Plaintiff Brockway held the sales agreement taken by it. Eastern defaulted in making payments on all of the contracts and the several tractors were repossessed.

About April 21, 1954, defendants asserted that a lien in the amount of $3,698.04 attached to each of the three motor vehicles above mentioned. Such lien included all unpaid taxes, penalties and interest due from Eastern, including, in addition to taxes incurred as the result of the operation of those three vehicles, (a) taxes incurred by Eastern as the result of the operation of other vehicles purchased from plaintiffs and other vendors, (b) taxes for periods both prior and subsequent to the purchase

of the three specified vehicles from these plaintiffs, (c) taxes for periods prior to plaintiffs' repossession of the three vehicles assessed prior to the repossession, (d) taxes for periods prior to repossession assessed after such repossession, and (e) taxes subsequent to the repossession of the vehicles by International. The Brockway truck remained in the possession of that company. International sold its tractors to third parties. Plaintiffs have been permitted to file bonds to obtain the release of the trucks from the liens.

This court affirmed the validity of article 21 in *Mid-States Frgt. Lines* v. *Bates* (279 App. Div. 451, affd. without opinion, 304 N. Y. 700, certiorari denied 345 U. S. 908). This controversy involves the application of the lien priority imposed by section 506 thereof.

Section 505, prior to its amendment effective March 15, 1954 (L. 1954, ch. 127), provided that every subject carrier should file with the tax commission '' on or before the twentieth day of each month a return for the preceding calendar month during which any vehicular unit was operated in this state ''. (L. 1953, ch. 147.) Section 506 directs that each carrier shall pay the required tax at the time of filing the return and provides that '' The fees, taxes, penalties and interest accruing under this article shall constitute a lien upon all motor vehicles and vehicular units of such carrier. The lien shall attach at the time of operation of any motor vehicle or vehicular unit of such carrier within this state and shall remain effective until the fees, taxes, penalties and interest are paid, or the motor vehicle or vehicular unit is sold for the payment thereof. Such liens shall be paramount to all prior liens or encumbrances of any character and to the rights of any holder of the legal title in or to any such motor vehicle or vehicular unit.''

The sum of plaintiffs' contentions is that such lien priority denies them the equal protection of the law, subordinates their liens, and takes their property without due process unreasonably and arbitrarily. They assert that this is done to satisfy Eastern's tax obligation to pay for highway use by its other vehicles, which includes the tax obligation which had accrued before Eastern purchased and used plaintiffs' vehicles and a similar obligation accruing after the repossession of the vehicles by plaintiffs. We believe that the basic issue here is, as defendants argue, whether the State may secure its prerogative right to the payments of its taxes by making that right paramount to plaintiffs' security for their private debts. The other matters discussed relate themselves to that issue.

The prerogative right of priority of payments of debts due it from an insolvent over those due private creditors exists in the State as the successor of the Crown. The common law gave the king such a preference. By virtue of our 1777 Constitution that part of the common law continued to be the law of this State. Later Constitutions have, in effect, retained that provision. The priority arises and exists independently of statute. (*Matter of Carnegie Trust Co.,* 206 N. Y. 390, 396, 397; *Matter of Gruner,* 295 N. Y. 510, 522, 523; *Marshall* v. *New York,* 254 U. S. 380, 382–384.) "The only changes of the right made by statute have been by way of enlarging its scope in certain cases. Thus, while by the common law of England * * * the priority does not obtain over a specific lien created by the debtor before the sovereign undertakes to enforce its right, the legislature of New York extended the prerogative right, so as to give certain taxes priority over prior encumbrances. An extension of this nature is found in § 197 of the Tax Law * * *. By reason of that provision the annual franchise tax takes priority over encumbrances on the corporate property." (*Marshall* v. *New York, supra,* pp. 383, 384.)

The power to declare the lien of the tax paramount to all prior liens and encumbrances and to the rights of a holder of the legal title of the motor vehicle is beyond question. It is not unreasonable or arbitrary to fix upon the carrier's motor vehicles as subject of the lien. That provision is a corollary to and a necessary implementation of the mechanics of a fundamental right of priority.

The tax is imposed on the carrier as he avails himself of the use of the State's highways. It is determined by the extent of that use, irrespective of the number of trucks employed. If he fails to pay the tax, recourse may be had to his property, a common and recognized procedure. Sound reason justifies the method of enforcing the payment of the tax adopted in this statute. It could well happen that trucks constitute the sole tangible resources of a carrier. The nature of the ownership and possession of trucks is transient. It would be neither safe, practicable nor reasonable to apportion the lien of an unpaid tax on the basis of each of several vehicles' actual use of the highway. Such a prorating or subdivision is no more to be expected than where a State seeks to collect an income tax from a non-resident by enforcing payment of the tax and considering his property and business interests in the State as a single entity in order to enforce payment of the tax by lien

thereon. (*Shaffer* v. *Carter*, 252 U. S. 37, 59.) In that case, adverting to the probability of changes in the units of the individual taxpayer's property and business, Mr. Justice PITNEY said, "The entire jurisdiction of the State over appellant's property and business and the income he derived from them * * * is a jurisdiction in rem; and we are clear that the State acted within its lawful power in treating his property interests and business as having *both unity and continuity*." (Emphasis supplied.)

Plaintiff's contention of the invalidity of the statute because it has no provision for notice of assessment of tax deficiencies and provides for seizure and sale of vehicles without notice (§ 511, subd. 3) to parties situated as are plaintiffs ties into their criticism of the statutory secrecy accorded returns required by the statute (§ 514).

As a basic proposition every presumption is in favor of the validity of a statute. The tax imposed by article 21 has been determined to be a valid tax. (*Mid-States Frgt. Lines* v. *Bates, supra.*) The power of the State to establish priority for tax debts due it cannot be questioned. Entire exactitude in the application of taxes, while a desirable goal, cannot always be attained. Here the plaintiffs point out dire possibilities of unequal exactions. On the record before us we cannot say that the plaintiffs' trucks constitute the sole fund from which Eastern's tax liability may be satisfied in the event Eastern cannot pay its own debt. It does not indicate whether the lien of the tax has been asserted against other motor vehicles of Eastern. It does not indicate that Eastern is insolvent or in receivership, though that might be a reasonable assumption.

In any event the unconstitutionality of a law is not to be determined solely on the ground that some hardship may result from its application. (*New York Rapid Tr. Corp.* v. *City of New York*, 275 N. Y. 258, 265, 266.) In measuring its validity it is not reasonable to assume that the tax authorities will enforce it in such a manner as to produce uncalled for hardship or inequity. Conversely, Mr. Justice HOLMES has said (*Gast Realty Co.* v. *Schneider Granite Co.*, 240 U. S. 55, 58, 59), "But * * * if the law is of such a character that there is no reasonable presumption that substantial justice generally will be done, but the probability is that the parties will be taxed disproportionately to each other and to the benefit conferred the law cannot stand against the complaint of one so taxed in fact."

The parties are in proper agreement in one respect. The law does not bar a conditional vendor from repossessing a motor vehicle subject to the State's lien or impose a lien on such a chattel for taxes accruing after its repossession.

It is urged that the assertion of the paramount lien will raise obstacles to the widespread commercial dealings in motor trucks. That is not sufficient to divest the State of the exercise of its power. Some of the problems suggested by plaintiffs in this respect related to the " secrecy " proceedings could be solved by administrative action or by suitable legislation for furnishing information of tax liabilities and amounts thereof to persons dealing in trucks.

The judgment should be granted to defendants in accordance with the submission, except as to taxes accrued after repossession of the respective trucks by the plaintiffs, without costs.

Foster, P. J., Bergan and Halpern, JJ., concur; Coon, J., not voting.

Judgment granted to the defendants according to the submission, except as to taxes accrued after repossession of the respective trucks by the plaintiffs, without costs. Settle the form of judgment on notice.