OPINION OF THE COURT
Robert L. Nahman, S.
*698 By order dated April 10, 1998, Robert W. Hamilton, the administrator of the estate of William Leo Hamilton, Sr., was directed by this court to render and file a final account and to petition for its judicial settlement within 30 days of being personally served with a certified copy of the order. Robert W. Hamilton failed to comply with the court’s order.
The application of Anthony P. Hamilton to punish Robert W. Hamilton for contempt of court for his willful failure to file his account and to petition for its judicial settlement was granted on default. The contempt order, dated January 12, 1998, granted Robert W. Hamilton the opportunity to purge himself of his contempt by filing his account and petitioning for its judicial settlement within 20 days of being personally served with a certified copy of the contempt order, and also provided for a warrant of commitment to issue without notice in the event that Robert W. Hamilton failed to purge himself of his contempt. Robert W. Hamilton failed to purge himself of his contempt and a warrant of commitment for his arrest was issued by an order of this court dated March 25, 1999.
On May 10, 1999, Robert W. Hamilton was produced in this court pursuant to the execution of the warrant of commitment. The matter was adjourned for two weeks at the request of Robert W. Hamilton, so that he could retain an attorney. On the adjourned date, Robert W. Hamilton appeared with counsel and objected to the court’s contempt order on the grounds that the Fifth Amendment privilege against self-incrimination protected his client from being compelled to file an accounting with the court.
The instant petition seeks an order vacating the order of this court dated January 12, 1999 holding Robert W. Hamilton in contempt of court and requests that Robert W. Hamilton be released from custody on the grounds that he cannot be compelled to file an accounting, since to do so would tend to incriminate him in violation of his Fifth Amendment privilege, and that he did not intentionally violate the terms of the order since he has not maintained the records to prepare an accounting.
In support of the claim of his Fifth Amendment privilege, petitioner relies on Bertucci v Cunningham (1984 WL 1213, 1984 US Dist LEXIS 21945 [US Dist Ct, SD NY, Nov. 16, 1984, Knapp, J., 84 Civ 4460]), in which an executor, Peter N. Bertucci, was held in contempt of court by the Surrogate of Queens County for failing to comply with the court’s order to render and file an account and petition for its judicial settlement. A *699 warrant of commitment subsequently was issued to arrest Peter N. Bertucci and confine him in civil jail until he complied with the order of the court; Peter N. Bertucci was subsequently arrested and confined in civil jail pursuant to the warrant of commitment. Peter N. Bertucci brought a CPLR article 78 proceeding in the Appellate Division of the Supreme Court of the State of New York, Second Department, to review the determination of the Surrogate on the grounds that the order to account violated his Fifth Amendment privilege. By order dated February 27, 1984, the Appellate Division dismissed the CPLR article 78 proceeding. Peter N. Bertucci thereafter appealed to the New York State Court of Appeals. The New York State Court of Appeals dismissed Peter N. Bertucci’s appeal sua sponte upon the grounds that no substantial constitutional question was directly involved. Peter N. Bertucci then brought a writ of habeas corpus in the United States District Court, Southern District of New York, against John Cunningham, the Warden of the Bronx House of Detention.
The United States District Court of the Southern District of New York found that Peter N. Bertucci, who was indicted on charges related to his actions as executor, could properly assert the Fifth Amendment privilege to avoid filing an accounting setting forth all the details of the estate as to which he faced criminal charges. The court further found that the constitutional claim had been fully raised in the State courts and had been passed upon by the Appellate Division and the New York Court of Appeals. The United States District Court granted the writ of habeas corpus.
The facts of the Bertucci case (supra) are clearly distinguished from the instant case. Bertucci involved a criminal defendant who was under indictment and awaiting trial for misappropriation of funds from the estate for which he was compelled to render and file an account as executor. The fact that Peter N. Bertucci was already under indictment at the time he was ordered to account was significant to the United States District Court’s determination that the risk of testimonial self-incrimination was real and appreciable, and a basis to permit a blanket claim of the Fifth Amendment privilege. In the instant case, Robert W. Hamilton has not been indicted and has not been charged with any criminal act.
Petitioner contends that the Bertucci decision (supra) by the United States District Court of the Southern District of New York is binding precedent upon the Surrogate’s Court. Contrary to petitioner’s contentions, the New York Court of Ap *700 peals has ruled in People v Kin Kan (78 NY2d 54, 59-60) that: “All courts are, of course, bound by the United States Supreme Court’s interpretations of Federal statutes and the Federal Constitution (see, Flanagan v Prudential-Bache Sec., 67 NY2d 500, 506, cert denied 479 US 931 * * * People ex rel. Ray v Martin, 294 NY 61, 73, affd 326 US 496; Alvez v American Export Lines, 46 NY2d 634, 638, affd 446 US 274). On the other hand, the interpretation of a Federal constitutional question by the lower Federal courts may serve as useful and persuasive authority for our Court while not binding us (New York R. T. Corp. v. City of New York, 275 NY 258, 265, affd 303 US 573).”
In this case, the Surrogate’s Court is bound by the decision of the New York State Court of Appeals, which found that no substantial constitutional question was directly involved in the Bertucci case (supra).
Robert W. Hamilton voluntarily petitioned the court for letters of administration and accepted the responsibilities of a fiduciary as administrator of his father’s estate. SCPA 708 requires a fiduciary to file an official oath and, in reliance on this oath, the court issued letters of administration. Robert W. Hamilton executed and filed the oath, which states that he will well, faithfully and honestly discharge the duties of the office and duly account for all moneys and other property that will come into his hands. The court finds that, by executing and filing the oath, Robert W. Hamilton has waived the privilege against self-incrimination as to those matters required in a judicial accounting.
To allow Robert W. Hamilton to shield himself from having to account to the distributees of the decedent’s estate by making a blanket claim of a Fifth Amendment privilege would render SCPA 2205 unenforceable.
Petitioner’s claim that he did not intentionally violate the terms of the court’s order compelling an accounting since he has not maintained the records necessary to prepare an accounting is without merit. Petitioner has stated on the record that he had estate records, but they were not available to him in jail since they were kept in the place where he was living at the time he was arrested on the warrant. Furthermore, a fiduciary has an obligation to keep and maintain records of the affairs of the estate.
Accordingly, the petition is denied in all respects.