■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIN KAN, Appellant.—Judgment, Supreme Court, New York County (Allen Murray Meyers, J., at trial with a jury), rendered June 9, 1986, convicting defendant of criminal sale of a controlled substance in the first degree and sentencing her to an indeterminate term of 15 years to life, reversed, on the law and the matter is remanded for a new trial.

At trial the People proved that defendant and her codefendants, Harry Ip and an accomplice (the Accomplice), sold approximately two pounds of heroin to undercover police officers. The Accomplice pleaded guilty to criminal sale of a controlled substance in the first degree pursuant to a cooperation agreement he entered into with the People. Harry Ip appealed his conviction to this court, one of his chief contentions being that he was deprived of his constitutional right to a public trial when the courtroom was closed during the Accomplice's testimony. We affirmed Ip's conviction unanimously without opinion on February 23, 1988. (137 AD2d 968.) By order entered April 28, 1988, Judge Simons of the Court of Appeals denied Ip's application for leave to appeal to that court (71 NY2d 969).

On August 1, 1988, Ip sought a writ of habeas corpus in the United States District Court for the Southern District of New York. His contention there was the same as that raised on appeal to this court, i.e., that his Sixth Amendment right to a public trial had been violated by the closure of the courtroom during the Accomplice's testimony. On March 1, 1989, the District Court granted Ip's petition on the finding that his right to a public trial had indeed been violated. *(Ip v Henderson,* 710 F Supp 915 [SD NY 1989] [Leonard Sand, J.].) On October 3, 1989, the United States Court of Appeals for the Second Circuit summarily affirmed the District Court's determination. *(Ip v Henderson,* 888 F2d 1376 [2d Cir 1989].)

Both Ip and defendant Kin were tried together, and she raises the same claim pertaining to wrongful courtroom clo-

sure which received full vindication when asserted by Ip in the Federal courts. It is no longer open to us to accept the People's invitation to find error in Judge Sand's conclusion that the State court proceedings at the same trial fell below Federal constitutional standards. As properly asserted by defendant Kin, those arguments would lie only by way of reargument before the Second Circuit or by application for certiorari to the United State Supreme Court. Accordingly we reverse defendant Kin's conviction and remand for a new trial.

In view of the foregoing, it is not necessary to reach defendant's challenge to the competence of the Cantonese dialect interpreters who served at defendant's trial. Suffice to say, on this branch of the appeal, we conclude that defendant has made an insufficient showing of prejudice to warrant a new trial. Concur—Milonas, Ellerin, Wallach and Rubin, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would affirm. I concur in the determination that, with respect to the interpreters, there has been an insufficient showing of prejudice to warrant a new trial.

The real issue is the question of whether the courtroom should have been closed to protect the witness, who was an accomplice and who was in fear of his life.

The situation in this matter is exactly the same as it was in *People v Ip,* who was a codefendant of the defendant now before us.

Two members of the Bench in that *Ip* case are now on this Bench. We there affirmed the conviction, unanimously, without opinion (137 AD2d 968) and Judge Simons of the Court of Appeals denied Ip's application for leave to appeal (71 NY2d 969).

Ip, who had been sentenced to 15 years to life, then moved on to the Federal court, where, stating that a criminal defendant "has a fundamental right to a public trial under the sixth amendment", the Southern District Court Judge granted a writ of habeas corpus and ordered a new trial. *(Ip v Henderson,* 710 F Supp 915, 917.) The Court of Appeals for the Second Circuit affirmed, without a public opinion (888 F2d 1376). Ip later pleaded guilty and received a term of eight years to life.

The majority would have us bound, despite the People's invitation to find error in the Federal determination, by the decision in the *Ip* case. If we are bound at all, it is by *our* previous determination (137 AD2d 968, *supra).*

While, in a normal situation, a determination of the Federal courts is "entitled to great weight" *(New York R. T. Corp. v City of New York,* 275 NY 258, 265, *affd* 303 US 573, *reh denied* 304 US 588), it "is not binding on this court." *(Supra,* at 265.) This applies even if it is a question of Federal constitutional law. *(Flanagan v Prudential-Bache Sec.,* 67 NY2d 500, 506.)

Because we perceive it to be erroneous, the Federal determination is entitled to little weight. Moreover, there was no expression by the Second Circuit as to the basis for their conclusion. It may very well be that a different panel might see the matter differently. *(Compare, New Era Publs. Intl. v Holt & Co.,* 873 F2d 576, *reh denied* 884 F2d 659, *cert denied* — US —, 110 S Ct 1168, *with New Era Publs. Intl. v Carol Publ. Group,* 904 F2d 152 [involving biographies of L. Ron Hubbard].)

Our court is bound by the United States Supreme Court and the New York State Court of Appeals. The only indication so far as to the position of the New York State Court of Appeals is the fact that one Judge of that court denied Ip's application for leave to appeal. (71 NY2d 969, *supra.)*

It is unseemly for seven Judges of the New York State court system, without a dissent, to be overruled by one Judge in the Federal system simply because of a different subjective view of the applicable constitutional principle and the balancing of the defendant's right to a public trial versus the danger to a witness.

Of passing interest is the statutory language in section 218 (7) of the Judiciary Law with respect to televising court proceedings in New York that: "(j) no audio-visual coverage of any participant shall be permitted if the presiding trial judge finds that such coverage is liable to endanger the safety of any person".