OPINION OF THE COURT
Bellacosa, J.
This appeal by the People involves gang-related, large-scale drug trafficking in the Chinatown section of New York City. The case pits defendant Kin Kan’s constitutional right to a public trial against the trial court’s closure of the courtroom to all spectators, including her family, over her objection, during the testimony of the key cooperating witness-accomplice to her crime. The closure as it pertains to Kan, involving the exclusion of her family from the courtroom, violated her constitutional right to a public trial and, for that reason alone, we affirm the order of the Appellate Division reversing Kan’s conviction and ordering a new trial.
Kan, codefendant Harry Ip and the accomplice were charged primarily with first degree criminal sale and possession of approximately two pounds of heroin for their roles in the sale of the drugs to undercover police officers in a Manhattan apartment. The accomplice pleaded guilty to the top count pursuant to a cooperation agreement but, after testifying against Kan and Ip, was allowed to withdraw that plea and to plead down to criminal sale in the second degree, with the District Attorney’s permission.
Preliminary to the joint jury trial of Kan and Ip, the trial court conducted a Hinton hearing (People v Hinton, 31 NY2d 71) and, over defendants’ objections, ruled that the courtroom would be closed to all spectators during the testimony of the cooperating accomplice and of the two undercover police officers. Kan and Ip were convicted of the criminal drug sale in the first degree. After Ip’s conviction was affirmed (People v Ip, 137 AD2d 968, lv denied 71 NY2d 969), he petitioned in *57 Federal court for a writ of habeas corpus, which was granted. A new trial was ordered by the United States District Court on the ground that Ip had been deprived of his Sixth Amendment right to a public trial as a result of the closure of the courtroom during the accomplice’s testimony. The Second Circuit affirmed in an unpublished writing (Ip v Henderson, 710 F Supp 915 [SD NY 1989] [Sand, J.], affd without opn 888 F2d 1376 [2d Cir 1989]).
Kan’s separate appeal to the Appellate Division was then heard and it, too, resulted in a reversal of her conviction and a remand for a new trial (164 AD2d 771). The Appellate Division determined that, because Kan and Ip raised the same challenge to the closure at their joint trial, that court was bound, on Kan’s State court appeal, by the Federal court conclusion that Ip had been denied his Sixth Amendment right to a public trial. The Appellate Division concluded that the issue of the constitutionality of the closure was “no longer open” to determination by State courts, and that the People’s recourse “would lie only by way of reargument before the Second Circuit or by application for certiorari to the United States Supreme Court.” (164 AD2d, at 772.) A Justice of the Appellate Division dissented, urging that the Appellate Division was bound only by the United States Supreme Court and the State Court of Appeals, and was not bound by lower Federal courts’ determinations on questions of Federal constitutional law, relying on Flanagan v Prudential-Bache Sec. (67 NY2d 500, 506, cert denied 479 US 931). That Justice granted leave to the People to appeal to our Court. Only defendant Kan is before us and only the closure during the accomplice’s testimony is now challenged. We affirm, for different reasons, based on our independent direct appeal review of Kan’s case.
The right to a public trial under the Sixth Amendment to the United States Constitution (US Const 6th Amend; In re Oliver, 333 US 257, 266) is fundamental but not absolute. The carefully calibrated discretionary trial court power to exclude the public for demonstrated and documented reasons (People v Hinton, 31 NY2d 71, supra) is an exceptional authority that must be "sparingly exercised” only when necessitated by “unusual circumstances” (id., at 76); "the balance of interests must be struck with special care.” (Waller v Georgia, 467 US 39, 45.) Closure remains only an exception to the mandatory postulate of open trials.
The United States Supreme Court has articulated a four- *58 prong test by which to assess the propriety of closure: (1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) the trial court must make findings adequate to support the closure (Waller v Georgia, supra, at 48; Press-Enterprise Co. v Superior Ct., 464 US 501).
At Kan’s trial, during the hearing on the People’s application for closure, the trial court perspicaciously explored this sensitive issue. The accomplice witness-to-be testified at the hearing to the circumstances of his guilty plea and cooperation agreement. He noted that he would be testifying in this and other cases, and was at that time still involved as a confidential informant in an ongoing investigation concerning past, completed criminal activities. He feared retaliation by Kan’s "people”, but did not fear Kan’s family. He also expressed fear of retaliation from persons connected with his continuing informant activity and from their friends and did not want to show his face in public. His fear related to his time in jail and after his release, although he had not been harmed or threatened while in the general population at Rikers Island with codefendant Ip for several months and he had not requested to be placed in protective custody. Defendants Ip and Kan knew him; he had appeared in court with them several times in the presence of Kan’s family members. He believed his fear would affect his ability to testify in a calm and truthful manner if the courtroom were not closed. Kan’s attorney strenuously objected, complaining particularly that closure during the accomplice’s testimony was not warranted and that Kan was entitled to have her family present to assist in her defense. The Trial Judge ordered everyone excluded during the accomplice’s testimony, determining that the prejudice to defendants from the closure was outweighed by the harm that might come to the accomplice.
We conclude, as a matter of law under the governing legal principles and criteria, that the delicate balancing of Kan’s individualized right to a public trial against the accomplice witness’s expressed fears of retaliation tips in favor of respondent Kan. All four of the Waller prerequisites are deficient with respect to the exclusion of Kan’s family. The expulsion of everyone during this accomplice’s testimony was "broader” than constitutionally tolerable and constituted a violation of Kan’s "overriding” right to a public trial (see, Waller v Geor *59 gia, 467 US 39, 48, supra; Douglas v Wainwright, 739 F2d 531, cert denied 469 US 1208). The trial court did not specify or justify closure with respect to Kan’s family on the record, despite her counsel’s specific objection in that regard, and we discern no record basis for doing so (see, People v Clemons, 78 NY2d 48 [decided today]; cf., United States v Sherlock, 865 F2d 1069; Nieto v Sullivan, 879 F2d 743, cert denied 493 US 957).
Indeed, all the hearing evidence that was adduced in this respect supported allowing Kan’s family to remain in the courtroom at this critical juncture of her trial. The accomplice had on several previous occasions appeared in court with Kan in the presence of Kan’s family, specifically testifying that he did not fear Kan’s family. There was no evidence that Kan’s family had attempted to intimidate or harass the accomplice (cf., United States ex rel. Orlando v Fay, 350 F2d 967 [2d Cir], cert denied 384 US 1008) or that the accomplice was unable to testify in the presence of Kan’s family (see, People v Mateo, 73 NY2d 928, 929-930). Kan’s interest in having her family present, on the other hand, was particularly compelling, as emphasized by defense counsel at the hearing, because Kan did not speak English and had to rely on a variety of interpreters to comprehend the testimony and proceedings in this first degree drug sale prosecution (cf., People v Joseph, 59 NY2d 496, 498-499). Thus, the closure was not "narrowly tailored” in this respect as is also required (Press-Enterprise Co. v Superior Ct., 464 US, supra, at 510).
This ruling to close the courtroom under these circumstances and in these respects, for these reasons alone, necessitates the affirmance of the order of the Appellate Division reversing and ordering a new trial. Because Kan was deprived of her constitutional right to a public trial, reversal and a new trial are required irrespective of prejudice (People v Jones, 47 NY2d 409, 415-417, cert denied 444 US 946).
While the parties advance competing arguments addressed to the United States District Court opinion and decision in the codefendant Ip’s Federal habeas corpus proceeding and concerning its effect on review of Kan’s direct State court appeal, we perceive no reason to consider that aspect inasmuch as Kan was never a party to the collateral Federal review of Ip’s conviction. All courts are, of course, bound by the United States Supreme Court’s interpretations of Federal statutes and the Federal Constitution (see, Flanagan v Prudential- *60 Bache Sec., 67 NY2d 500, 506, cert denied 479 US 931, supra; People ex rel. Ray v Martin, 294 NY 61, 73, affd 326 US 496; Alvez v American Export Lines, 46 NY2d 634, 638, affd 446 US 274). On the other hand, the interpretation of a Federal constitutional question by the lower Federal courts may serve as useful and persuasive authority for our Court while not binding us (New York R. T. Corp. v City of New York, 275 NY 258, 265, affd 303 US 573). This Court in its long-standing tradition and independent responsibility has exercised its correlative adjudicative power on questions of Federal law (compare, People v Dunn, 77 NY2d 19, 23, [petition for certiorari pending], with United States v Thomas, 757 F2d 1359 [2d Cir], cert denied sub nom. Wheelings v United States, 474 US 819). Therefore, for different reasons, on direct appellate review of Kan’s closure claim, we reach the same result on the dispositive issue as was reached by the District Court and Second Circuit in the codefendant Ip’s collateral Federal proceeding.
We have examined the other issues raised by the parties and conclude that inasmuch as they are unnecessary to the disposition of this appeal, we need not address them.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed.