■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR TAPIA, Appellant. [615 NYS2d 380] —Judgment, Supreme Court, Bronx County (Arlene R. Silverman, J.), rendered February 18, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent terms of five to ten years, unanimously reversed, on the law and facts, and the case remanded for a new trial.

When an undercover police detective was called to testify in this case with respect to his alleged purchases of heroin in a buy-and-bust operation, the court closed the courtroom to all spectators, including defendant-appellant's wife, for a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911). The detective testified that he was still engaged in anti-drug activities throughout the Bronx, and that his job would take him to the area of the buy-and-bust again, and that he would be in fear no matter who in the Bronx was in the courtroom when he testified. The court then closed the court-room for his testimony with respect to the sale of heroin by defendant, again excluding defendant's wife.

The right to a public trial under the Sixth Amendment to the United States Constitution is "fundamental but not absolute" *(People v Kin Kan,* 78 NY2d 54, 57). *People v Martinez* (82 NY2d 436) and its companion case, *People v Pearson* illustrate when that right may be overridden and when it may not be. In *Martinez,* as in the instant case, the undercover officer was the sole witness in the brief *Hinton* hearing and testified that he was still an undercover, that he was still actively engaged in cases in the Bronx, and that he would fear for his safety if the courtroom was not closed. On cross-examination it was established that his open cases were street-level buy operations in which arrests had already been made and that his area of operations was the whole Bronx. The Court of Appeals found that the standard for closure which it recognized in *Kin Kan (supra)* and was "further particularized"

*(People v Martinez, supra,* at 442) by the Supreme Court in *Waller v Georgia* (467 US 39, 48), that " '[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure' " *(supra,* at 442), had not been met.

The Court in *Martinez* agreed with defendant that to approve the closure on the People's perfunctory showing of justification "would in effect sanction a rule of per se closure for undercover officers" *(supra,* at 443), which it declined to do. In *Pearson,* the companion case, on the other hand, the undercover identified a particular location (the Port Authority station), the site of Pearson's arrest, at which she had functioned daily for a month and to which she would return that day. No abuse of discretion was found in closing the courtroom in that case.

The standard for closure set forth in *Waller (supra)* and adopted in *Martinez (supra)* was not met here. Concur—Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.