■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESAT BICI, Appellant. [621 NYS2d 666] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 10, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. We nevertheless conclude that the judgment of conviction must be reversed because of fundamental errors.

Before a defendant's right to a public trial (US Const 6th, 14th Amends; Civil Rights Law § 12; Judiciary Law § 4) may be abridged, the court must make a careful inquiry into the need for closure to the public of the proceedings in order to ensure that the defendant's right to a public trial "is not being sacrificed for less than compelling reasons" (People v Jones, 47 NY2d 409; 414-415, cert denied 444 US 946; see also, Press-Enterprise Co. v Superior Ct., 464 US 501, 510-512; People v Clemons, 78 NY2d 48, 51-52).

The court in this case sua sponte announced its determination, over objection, to close to the public a portion of the voir dire questioning and to conduct the proceedings in its robing room without either specific requests for privacy by the poten-

tial jurors or a proper inquiry into the reasons for the closure and a balancing of those reasons against the defendant's right to a public trial. The procedure that was employed in this case, coupled with the court's failure to fully articulate on the record the reasons for its decision, constitutes per se reversible error *(People v Jones, supra,* 47 NY2d, at 415-417; *see also, People v Clemons, supra,* 78 NY2d, at 52-53; *People v Kin Kan,* 78 NY2d 54, 57-59).

It was further error, among other things, for the court, during the jury's deliberations, to fail to apprise the defendant, his counsel, and the prosecutor of a note from the jury prior to formulating a response thereto. The court also erred by sending a court officer to advise the jury of its response in the absence of both counsel and the defendant. This procedure denied the defendant his constitutional due process right to be present at a material stage of his trial *(People v Ciaccio,* 47 NY2d 431, 436-437; *see also, People v Cain,* 76 NY2d 119, 123-124), and it is a violation of CPL 310.30 *(see, People v O'Rama,* 78 NY2d 270, 276-280).

Although the defendant raises a claim of error with respect to the Grand Jury proceedings, review of the Grand Jury minutes confirms that the integrity of those proceedings was not impaired and no prejudice accrued to the defendant *(see,* CPL 210.35 [5]; *cf., People v Williams,* 73 NY2d 84, 90-91). Thus, dismissal of the indictment is not warranted.

In light of our determination to reverse, we need not address the defendant's remaining contentions. Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.