OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered. Defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the third degree. On appeal, defendant challenges the court’s closure of the trial to the public during the undercover officer’s testimony. The trial court erred in excluding defendant’s family members from the courtroom. The record indicates that the trial court’s closure of the courtroom excluding defendant’s close family members was broader than constitutionally tolerable and, thus, constituted a violation of defendant’s overriding right to a public trial
 
 (see, People v Martinez,
 
 82 NY2d 436, 444;
 
 People v Kin Kan,
 
 78 NY2d 54, 58;
 
 see also, Vidal v Williams,
 
 31 F3d 67, 69). Although the undercover officer indicated that he feared his life and ongoing drug investigations would be jeopardized, he never claimed to hold those fears with respect to defendant’s wife and children and did not otherwise advance any valid ground for excluding defendant’s family during the officer’s testimony.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.