■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO NAVARO, Appellant. [632 NYS2d 598] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 26, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the course of the trial, the prosecutor moved to close the courtroom during the testimony of the undercover police officers who had purchased narcotics from the defendant and who had acted as backups, or so-called ghosts, during the sale. After conducting a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the trial court granted the prosecution's motion. Following the court's ruling, defense counsel moved that the defendant's mother be permitted to remain in the courtroom. The court denied the motion on the ground that the defendant's mother, who lived in the Bronx, was likely to visit the defendant's wife and children, who lived in Queens.

On appeal, the defendant contends, *inter alia*, that the trial court improperly excluded his mother from the courtroom. We agree. There is no evidence in the record that the presence of the defendant's mother in the courtroom would have endangered the undercover police officers (*see, People v Gutierez*, 86 NY2d 817; *People v Pearson*, 82 NY2d 436, 443; *see also, People v Kin Kan*, 78 NY2d 54; *People v Daniels*, 218 AD2d 748). The prosecutor did not establish the proximity of the wife's home to the area in which the undercover officers continued to work.

Moreover, there is no evidence in the record that the defendant's mother lived in or frequented the area in which the officers were working or that she ever did, in fact, go to Queens, a large and densely populated county, for any purpose other than to attend her son's trial (see, Vidal v Williams, 31 F3d 67, cert denied — US —, 115 S Ct 778).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.