■ THE PEOPLE OF THE STATE NEW YORK, Respondent, v CLIFTON GREEN, Appellant. [633 NYS2d 521] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered February 23, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial ordered.

The defendant contends that he was denied his right to a public trial *(see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded from the courtroom members of his family during the testimony of an undercover police officer. We agree. At the conclusion of a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the defendant objected to the exclusion of his mother and several cousins. When the defendant objects to the exclusion of a particular individual, the party seeking exclusion must prove that it is necessary to protect an overriding interest of the witness *(see, People v Kin Kan,* 78 NY2d 54, 58-59). Nothing in this record supports the exclusion of the defendant's family, thereby rendering the closure "broader than constitutionally tolerable" *(People v Gutierez,* 86 NY2d 817, 818).

In view of our determination we need not reach the defendant's remaining contentions. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.