■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALDO JOHNSON, Appellant. [635 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohn, J.), rendered June 21, 1994, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. N12526/93, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered.

The defendant contends that he was denied his right to a public trial *(see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded his family from the courtroom during the testimony of an undercover officer. We agree. During the *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the defendant stated that he wanted his family present. When the defendant seeks to limit closure to permit the attendance of certain individuals, the People must present evidence that those individuals threaten an overriding interest of the witness *(see, People v Gutierez,* 86 NY2d 817; *People v Kin Kan,* 78 NY2d 54, 58-59; *People v Pankey,* 219 AD2d 737). Nothing in this record demonstrates that the defendant's family posed a threat to the undercover officer.

The defendant's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.