■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUEVELL BALLARD, Appellant. [637 NYS2d 576] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends that he was deprived of his right to be present during all material stages of the trial. We agree. The record establishes that defendant was not present during County Court's in-chambers Sandoval conference and, thus, reversal is mandated (see, CPL 260.20; People v Favor, 82 NY2d 254, rearg denied 83 NY2d 801; People v Dokes, 79 NY2d 656; People v Balkum, 199 AD2d 975, lv denied 83 NY2d 849).

We further conclude that reversal is mandated because the court closed the courtroom during the testimony of an undercover police officer. Limitations on a defendant's right to a public trial should be "sparingly exercised" (People v Hinton, 31 NY2d 71, 76, cert denied 410 US 911). Before closing the courtroom, the court must conduct a careful inquiry to ensure that there are compelling reasons for doing so and articulate those reasons on the record (see, People v Clemons, 78 NY2d 48, 52; People v Kin Kan, 78 NY2d 54, 58, rearg denied 78 NY2d 1008; People v Jones, 47 NY2d 409, cert denied 444 US 946). Because the court did not conduct an adequate inquiry or sufficiently articulate its reasons for closure, defendant was deprived of his right to a public trial (see, People v Kearse, 186 AD2d 978, 979, lv denied 81 NY2d 790; see also, People v Kin Kan, supra, at 59; People v Jones, supra, at 415-417). (Appeal from Judgment of Onondaga County Court, Gorman, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Wesley, Balio, Davis and Boehm, JJ.