■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY VARGAS, Appellant. [663 NYS2d 649] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered January 17, 1995, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In this "buy and bust" prosecution, we find that the defendant's right to a public trial was violated when, over his counsel's objection, the court ordered the courtroom closed during the testimony of the undercover officer who had made the buy, since the People's perfunctory showing was insufficient to meet the standards for closure. Testimony at the *Hinton* hearing (*People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911) established no more than that the officer was continuing to work as an undercover officer in various parts of Brooklyn and Staten Island, and that he had a generalized fear that if his identity became known, certain unspecified people might want to "hurt" or possibly even "kill" him (*see, e.g., People v Martinez*, 82 NY2d 436).

In addition, during the undercover officer's testimony, the court improperly excluded from the courtroom, over the defendant's objection, the mother of the defendant's child with whom he had lived for seven years, notwithstanding the officer's admission that he was not acquainted with this woman and had not been threatened by her. The officer's sole apprehension regarding this woman was that she, like "anybody" who observed the trial, "could" "possibly" see him on the street and identify him to others. Such generalized concerns do not rise to the level of "particularized fear" which could have justified the exclusion of this woman during the trial testimony of the prosecution's key witness (*see, e.g., People v Gutierez*, 86 NY2d 817; *People v Kin Kan*, 78 NY2d 54; *People v Tejada*, 222 AD2d 353; *People v Carrington*, 220 AD2d 610; *People v Rivera*, 220 AD2d 298; *People v Davis*, 210 AD2d 345).

In view of the foregoing determination, we decline to address the remaining issues raised by the defendant on this appeal. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.