■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME LINCOLN, Appellant. [671 NYS2d 658] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered March 18, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The trial court did not improvidently exercise its discretion in excluding defendant's fiancée during the testimony of the undercover officer since the officer's testimony established that his safety would be jeopardized were she permitted to remain in the courtroom (*see, People v Nieves*, 90 NY2d 426). Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG TURNER, Also Known as GRAIG TURNER, Also Known as CRAIG TURNER, Appellant. [672 NYS2d 695] —Judgment, Supreme Court, New York County (Richard Andrias, J., on summary denial of motion for *Mapp* hearing; Charles Tejada, J., at jury trial and sentence), rendered July 8, 1993, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

Since defendant's motion papers did not set forth sufficient " 'sworn allegations of fact' " to support his claim that the weapon was recovered as a result of an illegal seizure of his person, and defendant declined the opportunity offered by the motion court, to cure this defect, denial of the motion without a hearing was appropriate (*People v Mendoza*, 82 NY2d 415, 421; CPL 710.60 [3] [b]). Concur—Sullivan, J. P., Rosenberger, Nardelli and Rubin, JJ.