■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON PEREZ, Appellant. [676 NYS2d 215] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered July 30, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (see, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded his sister from the courtroom during the testimony of an undercover officer. We agree. During the *Hinton* hearing (see, *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the defendant objected to the exclusion of his sister. When a defendant seeks to limit closure of the courtroom to permit the attendance of certain individuals, the People must present evidence that those individuals threaten the safety of the witness (see, *People v Nieves,* 90 NY2d 426; *People v Gutierez,* 86 NY2d 817; *People v Kin Kan,* 78 NY2d 54; *People v Scott,* 237 AD2d 544; *People v Gayle,* 237 AD2d 532; *People v Johnson,* 222 AD2d 456). Although the undercover officer would be immediately returning to the area in which the defendant was arrested and in which the defendant's sister resided, nothing in the record demonstrates, and the Supreme Court did not find, that the defendant's sister posed a threat to the officer. Therefore, the defendant is entitled to a new trial. Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.