■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN GONZALEZ, Appellant. [698 NYS2d 890] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered July 30, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (*see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded his wife and child from the courtroom during the testimony of an undercover officer. We agree. During the *Hinton* hearing (*see, People v*

*Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the defendant argued against closure, stating that his wife and child had been attending the proceedings and therefore should not be excluded. To properly exclude them from the courtroom, the People were required to present evidence that those individuals threatened the safety of the undercover officer (*see, People v Glover,* 93 NY2d 1010; *People v Nieves,* 90 NY2d 426; *People v Gutierez,* 86 NY2d 817; *People v Kin Kan,* 78 NY2d 54; *People v Perez,* 252 AD2d 593; *People v Scott,* 237 AD2d 544; *People v Gayle,* 237 AD2d 532). Although the undercover officer testified that he would be immediately returning to the area in which the defendant was arrested, nothing in the record demonstrates, and the Supreme Court did not find, that the defendant's wife and child posed a threat to the officer. Therefore, the defendant is entitled to a new trial. Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.