■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RIVERA, Appellant. [722 NYS2d 242] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered February 23, 1999, convicting him of criminal sale of a controlled substance in the second degree (two counts) and criminal sale of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

dant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered February 23, 1999, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (*see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946), because the Supreme Court excluded his mother, girlfriend, and child from the courtroom during the testimony of an undercover officer. We agree. During the *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the defendant argued against closure and to allow his mother, girlfriend, and child to be present. Thus, to properly exclude them from the courtroom, the People were required to present evidence that they threatened the safety of the undercover officer (*see, People v Glover,* 93 NY2d 1010; *People v Nieves,* 90 NY2d 426; *People v Gutierez,* 86 NY2d 817; *People v Kin Kan,* 78 NY2d 54; *People v Perez,* 252 AD2d 593; *People v Vargas,* 244 AD2d 367; *People v Scott,* 237 AD2d 544; *People v Gayle,* 237 AD2d 532). Although the undercover officer would be returning immediately to the area in which the defendant was arrested, nothing in the record demonstrated that the defendant's mother, girlfriend, or child posed a threat to the undercover officer (*see, People v Perez, supra; People v Vargas, supra*). Therefore, the defendant is entitled to a new trial. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.