The People of the State of New York, Respondent, v Thomas M. Grosso, Appellant. [722 NYS2d 846] —Judgment unanimously reversed on the law and new trial granted. Memorandum: We agree with defendant that the judgment of conviction must be reversed because he was denied his right to

a public trial. Defendant was convicted of, *inter alia*, two counts of sodomy in the third degree (Penal Law § 130.40 [2]), and three counts of sexual abuse in the third degree (Penal Law § 130.55) arising from his acts with respect to two teenage girls employed by him at his car detailing shop. Specifically, Jane Doe 1 accused defendant of touching her breasts, masturbating in front of her, and twice forcing her to perform oral sex on him, and Jane Doe 2 accused defendant of touching her breasts. Prior to the testimony of either complainant at trial, the People requested that the courtroom be closed during their testimony due to the graphic sexual nature of that testimony. Without questioning the complainants, County Court ordered the courtroom closed to all spectators during their testimony. Jane Doe 1 then testified for approximately 40 minutes. After a recess, the court revisited the issue of courtroom closure and interviewed Jane Doe 1, who stated that she would be extremely uncomfortable if anyone, including anyone in her own family, was present during her testimony. The court continued its closure order for the duration of the testimony of Jane Doe 1. The court then interviewed Jane Doe 2, who advised the court that she would feel uncomfortable only if defendant's family members were present in the courtroom during her testimony. The court, however, continued its complete closure order during the testimony of Jane Doe 2.

It is well settled that, "[b]efore closing the courtroom, the court must conduct a careful inquiry to ensure that there are compelling reasons for doing so and articulate those reasons on the record" (*People v Ballard*, 224 AD2d 914; *see, People v Clemons*, 78 NY2d 48, 52; *People v Kin Kan*, 78 NY2d 54, 58, *rearg denied* 78 NY2d 1008). Furthermore, the public may be excluded only where: (1) the party seeking closure advances an overriding interest that is likely to be prejudiced; (2) the closure is no broader than is necessary to protect that interest; (3) the court has considered reasonable alternatives to closure; and (4) the court makes findings adequate to support the closure (*see, People v Clemons, supra*, at 51, n 2; *People v Kin Kan, supra*, at 57-58). Although the court's inquiry with respect to Jane Doe 1 established a basis for closure during her testimony, that inquiry took place only after Jane Doe 1 had testified for approximately 40 minutes and did not cure the infringement of defendant's right to a public trial that occurred during the initial stage of the testimony of Jane Doe 1. With respect to Jane Doe 2, the court failed to meet the requirement that the closure be no broader than necessary because the court excluded the public at large despite the fact that Jane Doe 2 stated that she would be uncomfortable only if defendant's

family members were present. We therefore reverse defendant's judgment of conviction and grant a new trial.

We reject defendant's contention that the second count of the indictment, charging sodomy in the third degree, must be dismissed as "multiplicitous." Although that count contains language identical to that in the first count, Jane Doe 1 testified that two acts of sodomy occurred approximately 10 minutes apart (*see, People v Nailor*, 268 AD2d 695, 696). Defendant has failed to preserve for our review his contentions that he was denied his 10th peremptory challenge and that the court erred in permitting limited television coverage of the trial (*see*, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Lastly, the record on appeal is insufficient to permit our review of defendant's contention that the Grand Jury proceeding was defective (*see, People v Kinchen*, 60 NY2d 772, 773-774). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Sodomy, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.