■ The People of the State of New York, Respondent, v Garfield Heslop, Appellant. [763 NYS2d 327] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered October 2, 2001, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (*see* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409 [1979], *cert denied* 444 US 946 [1979]; *People v Martinez,* 82 NY2d 436, 441 [1993]). During a *Hinton* hearing (*see People v Hinton,* 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), the defendant objected to the exclusion of certain family members and friends. The Supreme Court permitted the defendant's family, girlfriend, and girlfriend's mother to remain in the courtroom, but excluded the other friends whose presence was requested. "Before a trial court may exclude a specific individual from the courtroom by a closure order, the People must present evidence that the individual poses a threat to the safety of an undercover officer, who is going to testify" (*People v Ematro,* 284 AD2d 408, 409 [2001]; *see People v Nieves,* 90 NY2d 426 [1997]; *People v Rivera,* 281 AD2d 496 [2001]). Although the undercover officer would be returning to the area in which the defendant was arrested, nothing in the record demonstrates that his defendant's friends resided or worked in that area.

Nor did the People present sufficient evidence that the friends posed a threat to the officer. As the closure order was broader than necessary and not supported by the record, the defendant is entitled to a new trial (*see People v DeJesus,* 274 AD2d 400 [2000]; *People v Rentas,* 253 AD2d 469 [1998]; *People v Rivera, supra*).

In view of our determination, we do not reach the defendant's remaining contentions. Feuerstein, J.P., McGinity, Schmidt and Adams, JJ., concur.