[823 NE2d 1274, 790 NYS2d 628]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL NAZARIO, Appellant.

Argued January 13, 2005; decided February 10, 2005

## POINTS OF COUNSEL

*Center for Appellate Litigation,* New York City (*Robert S. Dean* of counsel), for appellant. The trial court deprived appellant of his right to a public trial when it closed the courtroom to appellant's drug counselor during the testimony of the undercover officers, despite the absence of any showing that the counselor's presence would jeopardize the undercovers' safety. (*People v Clemons,* 78 NY2d 48; *People v Jones,* 47 NY2d 409, 444 US 946; *People v Hinton,* 31 NY2d 71, 410 US 911; *Waller v Georgia,* 467 US 39; *People v Kin Kan,* 78 NY2d 54; *People v Martinez,* 82 NY2d 436; *People v Gutierez,* 86 NY2d 817; *People v Nieves,* 90 NY2d 426; *People v Ramos,* 90 NY2d 490; *In re Oliver,* 333 US 257.)

*Robert M. Morgenthau, District Attorney,* New York City (*Heather Pearson* and *Susan Axelrod* of counsel), for respondent. Defendant's complaint about the trial court's exclusion of defendant's drug counselor from the courtroom during the testimony of two undercover police detectives is unpreserved and is, in any event, without merit. (*People v Hinton,* 31 NY2d 71; *People v Gray,* 86 NY2d 10; *People v Kello,* 96 NY2d 740; *People v Martin,* 50 NY2d 1029; *In re Oliver,* 333 US 257; *People v Jelke,* 308 NY 56; *People v Martinez,* 82 NY2d 436; *People v Jones,* 96 NY2d 213; *People v Ramos,* 90 NY2d 490, 522 US 1002; *Waller v Georgia,* 467 US 39.)

## OPINION OF THE COURT

R.S. SMITH, J.

It is well established that a criminal trial must normally be open to the public, but that the courtroom may be closed in some situations when the trial court, in its discretion, decides that closing it is necessary. It is also well established that, when a trial court decides to close a courtroom, it should ordinarily make an exception for members of the defendant's family. This case requires us to consider whether and when people who have a close relationship with the defendant but are not family

members should also be made exceptions to an order excluding the general public.

We conclude that, where the defendant has shown that there is a special relationship between a proposed spectator and the defendant of a kind that enables the proposed spectator to give the defendant the kind of moral and emotional support that might be expected from a family member, the trial court should admit that spectator to an otherwise closed courtroom unless the prosecution shows a specific reason for his or her exclusion. Applying that rule to this case, we conclude that defendant's drug counselor should have been admitted to the courtroom, and we therefore reverse defendant's conviction.

### Facts and Procedural History

This is a buy and bust case, in which defendant was convicted of selling two bags of heroin to an undercover officer. The officer who purchased the heroin and another undercover who shadowed him as his "ghost" were called as witnesses. The prosecution moved pursuant to *People v Hinton* (31 NY2d 71 [1972]) to close the courtroom during the testimony of both officers on the ground that closure was necessary to protect their safety. After hearings, Supreme Court granted the *Hinton* motions as to both officers. Defendant does not challenge those rulings.

After each hearing, defendant asked that the closure of the courtroom be as narrow as possible, and specifically asked that defendant's brother and his drug counselor be allowed to attend. Supreme Court admitted the brother, but excluded the drug counselor, commenting: "I don't see any necessity for him to come here, he knows a lot of people. There is no reason he has to come to the courtroom, he's not a member of the family."

Defendant appealed from his conviction on the ground that he was deprived of his right to a public trial. The Appellate Division affirmed. We now reverse.

### Discussion

The applicable general rule is stated in *Waller v Georgia* (467 US 39, 48 [1984]): in exceptional cases a courtroom may be closed to the general public to protect "an overriding interest," but "the closure must be no broader than necessary to protect that interest." A number of our cases applying this rule establish that an order of closure that does not make an exception for family members will be considered overbroad, unless the

prosecution can show specific reasons why the family members must be excluded (*People v Kin Kan*, 78 NY2d 54, 58-59 [1991] [exclusion of defendant's family overbroad under *Waller*]; *People v Gutierez*, 86 NY2d 817 [1995] [exclusion of wife and children violated defendant's right to a public trial]). In *People v Nieves* (90 NY2d 426, 430 [1997]), we said:

> "Where . . . the trial court is aware that the defendant's relatives have been attending the proceedings or that the defendant would like to have certain family members present, exclusion of those individuals must be necessary to protect the interest advanced by the People in support of closure" (citations omitted).

We have not previously discussed when non-family members should be exceptions to a general order of exclusion, except that we have held that a defendant's "girlfriend"—for these purposes, the equivalent of a family member—should have been admitted (*People v Garcia*, 95 NY2d 946, 947 [2000]). The First and Second Departments of the Appellate Division have considered the issue of non-family members and have taken contrasting approaches. The First Department held in *People v DeJesus* (305 AD2d 170, 171 [1st Dept 2003]) that the relationship between the defendant and a "family friend" was "too remote to warrant the 'heightened showing' . . . that is required when actual family members are excluded from a criminal trial pursuant to a limited closure order." In the present case, the First Department reached a similar conclusion about defendant's drug counselor. The Second Department, however, held in *People v Heslop* (307 AD2d 975 [2d Dept 2003]) that, where defendant had requested that "certain . . . friends" be present, the burden was on the prosecution to show that their presence would be a threat to the safety of the undercover officer. The approach we approve is closer to that of the First Department, though we conclude that the First Department erred in this case.

Defendant argues that, as *Heslop* appears to hold, a mere request by a defendant to have a "friend" or other identified person enter the courtroom is enough to shift to the prosecution the burden of proving that that person's presence would be dangerous. We reject this argument. Information about the defendant's "friends" is much more readily available to the defendant than to the prosecution, and we are concerned that the too-ready admission to closed courtrooms of people identified as

no more than "friends" could make possible the intimidation of witnesses, or even retaliation against them. Once the prosecution has met the burden of showing that a courtroom must be closed to the general public in order to protect a witness's safety, the burden should shift to the defendant seeking an exception to the closure to show that a proposed spectator is linked to him by some tie of more significance than ordinary friendship.

Where a spectator's presence really is important, the burden we have placed on defendant should not be difficult to meet, and indeed we have concluded that it was met in this case. Defendant identified the person he wished to have present in the courtroom as his drug counselor. This was a prima facie showing of a significant personal relationship, and provided a basis for inferring that the drug counselor could give the sort of moral and emotional support in the courtroom that is normally given by family members. In another case, another defendant might be permitted, for similar reasons, to obtain entrance to the courtroom for his or her psychiatrist or a member of the clergy.

Of course, in this case Supreme Court was not required to accept defendant's terse description of the proposed spectator at face value. Either the judge or prosecutor could have made reasonable inquiries, for example, "How long has he been his drug counselor?" or "Can you tell me more about the relationship?" Simply to exclude the drug counselor without any inquiry, however, as Supreme Court did here, deprived defendant of his right to a public trial.

Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, etc.