■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL REYES, Appellant. [900 NYS2d 862]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered January 27, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first and second degrees, and sentencing him to an aggregate term of eight years, unanimously affirmed.

There was no violation of defendant's right to a public trial. The People made a sufficiently particularized showing to justify the exclusion of defendant's family members from the courtroom during testimony by undercover officers (*see People v Nieves*, 90 NY2d 426 [1997]). Defendant's relatives lived within the immediate vicinity of the officers' continued undercover operations, and the court properly determined that the safety of the officers could be compromised if the family members at issue became able to identify them (*see e.g. People v Alvarez*, 51 AD3d 167, 175 [2008], *lv denied* 11 NY3d 785 [2008]). Given the need for flexibility in determining closure applications (*see id.* at 179), it was appropriate for the court to consider all the relevant circumstances. This included undisputed information that was developed at the colloquy following the taking of testimony at the *Hinton* hearing, as well as the reasonable inferences to be drawn therefrom.

The court properly exercised its discretion when it replaced an unavailable juror with an alternate over defendant's objection, since it was clear that waiting for the absent juror would delay the taking of testimony until at least the following day, which was well beyond the statutory two-hour period (*see* CPL 270.35 [2] [a]; *People v Jeanty*, 94 NY2d 507, 517 [2000]). Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.