*500 Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered June 1, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations, including its evaluation of inconsistencies in testimony.
The court did not violate defendant’s right to a public trial. After the People established a proper basis for closing the courtroom to the general public during the testimony of undercover officers, the court only permitted defendant’s family to attend, and it excluded three of his coworkers. Defendant made no showing of a significant personal relationship. The only information offered by defendant was that these persons had been his coworkers for approximately a year and a half. This did not meet defendant’s burden of showing that the proposed spectators were “linked to him by some tie of more significance than ordinary friendship” (see People v Nazario, 4 NY3d 70, 74 [2005]), and there was no need for further inquiry by the court.
We perceive no basis for reducing the sentence. Concur— Tom, J.P., Friedman, Freedman and Feinman, JJ.