People v Rivera (2020 NY Slip Op 01035)





People v Rivera


2020 NY Slip Op 01035


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11038 576/17

[*1] The People of the State of New York, Respondent,
v
Jason Rivera, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Guy H. Mitchell, J.), rendered February 15, 2018, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, and sentencing him to an aggregate term of six months, with three years' probation on the drug sale count, unanimously reversed, on the law, and the matter remanded for a new trial.
Following a Hinton hearing at which there was no testimony that defendant or any member of his family threatened or otherwise posed a threat to either of two testifying undercover officers, defense counsel requested that family members be permitted to attend the officers' trial testimony. Although the prosecutor made no argument in opposition to this application, the court denied it, without making any supporting findings. This was error. "[A]n order of closure that does not make an exception for family members will be considered overbroad, unless the prosecution can show specific reasons why the family members must be excluded" (People v Nazario, 4 NY3d 70, 72-73 [2005] [citations omitted]). We reject the People's argument that the defense was obligated to identify specific family members who might attend the proceedings, in the absence of any request by the prosecutor or the court that it do so, as incompatible with the "presumption of openness" that applies in this context (People v Echevarria, 21 NY3d 1, 11 [2013]; see also People Moise, 110 AD3d 49, 52 [1st Dept 2013]). Moreover the court did not ask any questions to clarify which family members wanted to attend before issuing the closure order.
In light of this determination, we need not reach defendant's remaining contentions except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK