■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT HUGGINS, Appellant. [614 NYS2d 165] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered April 27, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

Over the defendant's objection, the court granted the People's application to close the courtroom during the testimony of an undercover police officer. We find that the court erred since the officer's testimony at the hearing on the issue of the closure was insufficient to satisfy the criteria of *People v Martinez* (82 NY2d 436). Accordingly, the closure of the courtroom denied the defendant his right to a public trial, and a new trial is required *(see, People v Martinez, supra)*.

The trial court's *Sandoval* ruling, which permitted the People to cross-examine the defendant about the facts underlying his prior convictions for criminal sale of a controlled substance in the third degree and criminal mischief, was not an improvident exercise of discretion. The record reveals that the court properly weighed the competing factors *(see, People v Sandoval,* 34 NY2d 371). The mere similarity between the defendant's prior drug conviction and the crime with which he was charged is insufficient to preclude the use of the prior conviction on cross-examination *(see, People v Rahman,* 46 NY2d 882; *People v Overton,* 192 AD2d 624).

In view of our decision that there must be a new trial, we do not reach the defendant's remaining contentions. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.