■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

TONY CEPEDA, Appellant. [619 NYS2d 128] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 8, 1992, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant contends that he was denied his right to a public trial (see, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) when the trial court directed the closure of the courtroom during the testimony of two undercover police officers. We agree. The officers' testimony at the *Hinton* hearings failed to establish a link between each officer's fear for his safety and his open-court testimony in accordance with the criteria set forth in *People v Martinez* (82 NY2d 436). The record neither reflects that the undercover officers were still operating in the locale of the defendant's arrest nor that they expected to return there. In addition, there was no testimony from either officer which referred to associates of the defendant, targets of investigation that were likely to be present in the courtroom, or to threats received. Accordingly, the trial court improvidently exercised its discretion in directing closure of the courtroom, and a new trial is required (see, *People v Martinez, supra; People v James,* 207 AD2d 564; *People v Huggins,* 204 AD2d 484). Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.