■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GREEN, Appellant. [627 NYS2d 21] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered August 30, 1993, convicting defendant, after a trial by jury, of two counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to two indeterminate terms of 9 to 18 years in prison and one term of one year in prison, respectively, all to run concurrently, unanimously reversed, on the law, and the matter remanded for a new trial.

The standard for closure of a courtroom under the Sixth Amendment of the United States Constitution requires "(1) the party seeking to close the hearing must advance an

*overriding interest* that is likely to be prejudiced; (2) the closure must be *no broader than necessary* to protect that interest; (3) the trial court must consider *reasonable alternatives* to closing the proceeding; and (4) the trial court must make *findings adequate to support the closure" (People v Kan,* 78 NY2d 54, 58, citing *Waller v Georgia,* 467 US 39, 48 [emphasis in original]).

In this case, we find that defendant's request to limit the order of closure, to which he otherwise consented, to allow his mother, who was a correction officer, his girlfriend and his two infant children to be present during the testimony of one of the officers involved in his arrest should have been granted.

Since the defense acceded to closure to the general public, the only question before us is whether the evidence demonstrates that the order excluding defendant's family was broader than was shown to be necessary by the prosecution to protect the interests advanced, i.e., the safety of the testifying officer and the integrity of other operations in which he was involved.

The officer's testimony established no more than his limited prior activity in "a couple" of transactions in Bronx County which were still active prosecutions. Nor was there any specific showing that the officer, who testified that he generally worked in Manhattan, would be assigned to work again in the Bronx or that he would be assigned to work in an undercover capacity, rather than playing the observational role he played in this case.

Moreover, in light of the focus of defendant's objection, we particularly note that no showing at all was made as to any specific concerns of the police officer regarding defendant's family and girlfriend, the only persons whose presence was sought. Indeed, the only rationale offered as to their exclusion was that their presence made the officer uncomfortable. This was not an adequate basis to exclude them. Concur—Muprhy, P. J., Ellerin, Rubin, Tom and Mazzarelli, JJ.