■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD PANKEY, Appellant. [631 NYS2d 766] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered January 6, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (see, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; People v Jones, 47 NY2d 409, cert denied 444 US 946) when the trial court closed the courtroom during the testimony of an undercover police officer. We agree. The officer's testimony at the Hinton hearing (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911) failed to establish a link between the officer's fear for her safety and her open-court testimony (see, People v Martinez, 82 NY2d 436). The record does not reflect that the undercover officer was still working in the locale where the defendant was arrested or that she expected to return there (see, e.g., People v Cepeda, 209 AD2d 631). Moreover, the closure was broader than necessary since there was no finding by the court that the presence of the defendant's girlfriend in the courtroom posed any threat to the undercover officer. Therefore, we conclude that the closing of the courtroom to everyone, including the defendant's girlfriend, amounted to a violation of the defendant's right to a public trial (see, People v Kin Kan, 78 NY2d 54; People v Green, 215 AD2d 309).

The defendant's remaining contention is not preserved for appellate review (see, CPL 470.05 [2]). Mangano, P. J., Joy, Krausman and Florio, JJ., concur.