■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE JOHN, Appellant. [648 NYS2d 121] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered March 7, 1994, convicting him of criminal possession of a weapon in the third degree, criminal sale of marihuana in the fourth degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's conviction arose out of an incident in which an undercover officer entered a Brooklyn grocery store and purchased a "dime bag" of marihuana from the defendant, who was standing behind the counter.

After holding a *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the court sealed the courtroom for the undercover officer's testimony based, in part, on the officer's testimony that he was involved as an undercover in an ongoing buy-and-bust operation. The hearing court, however, refused to allow the officer to testify as to the geographical scope of the ongoing operation.

At a hearing to determine whether courtroom closure is appropriate, the proponent of closure must demonstrate particularized fears related to open-court testimony, such as a fear for his own safety because he plans to continue undercover work in the area where the defendant was arrested (*see, People v Martinez,* 82 NY2d 436, 443). If it is not clear that the officer will be returning to undercover work in the same area where the defendant was arrested, closure is improper (*see, e.g., People v Alvarado,* 223 AD2d 712; *People v Cepeda,* 209 AD2d 631). Because the defendant in the instant case was not permitted to elicit information about the geographical scope of the ongoing undercover operation, closure was improper. Because the defendant was denied his right to a public trial, his conviction on all three counts must be reversed.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.