■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUERCY BOBO, Appellant. [653 NYS2d 617] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered December 9, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court's closure of the courtroom during the testimony of two undercover officers was improper. At a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), undercover officer 726 testified that he was not currently working in the area of the defendant's arrest, but could be assigned to that area "on any given day". He had cases pending from that area, and had lost subjects and released subjects from that area. He further testified that he had been threatened, and feared that open court testimony would endanger his safety and that of fellow officers. On cross-examination, undercover officer 726 stated that he had not received any threats from the defendant, his family, or his associates. He feared open court testimony because "on any given day some past subject or someone I could run into at a future time, could be in the court".

The second undercover officer, number 7430, testified that he feared open court testimony because it would "blow his cover" and endanger him and his fellow officers. He was not currently assigned to the defendant's arrest area, but could be at any time. He also had lost subjects and released subjects from the area. He routinely testified in closed courtrooms. On cross-examination, undercover officer number 7430 testified that he did not fear personal retaliation from the defendant or his family, nor had he received threats from persons associated with the defendant. He was not aware of any other investigations he was working on that involved the defendant.

General testimony by an undercover officer of the risks of undercover work and fear of open court testimony does not meet the standard for closure under *People v Martinez* (82 NY2d 436, 442) (*see, e.g., People v Alvarado*, 223 AD2d 712; *People v Pankey*, 219 AD2d 737; *People v Cepeda*, 209 AD2d 631). At a hearing to determine whether courtroom closure is appropriate, the proponent of closure must establish particular-

ized fears related to open-court testimony, such as a fear for his own safety because he plans to continue undercover work in the area where the defendant was arrested (*see, People v Martinez, supra*). Where, as here, it does not appear that the officer will be returning to undercover work in the same area where the defendant was arrested, closure is improper (*see, e.g., People v Alvarado, supra; People v Cepeda, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Ritter, Copertino and Santucci, JJ., concur.