■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GAYLE, Appellant. [655 NYS2d 581] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 23, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant correctly contends that he was denied his right to a public trial (see, US Const 14th Amend; Civil Rights Law § 12; Judiciary Law § 4; People v Jones, 47 NY2d 409, cert denied 444 US 946) because the Supreme Court excluded his girlfriend from the courtroom during the testimony of an undercover officer. When the defendant objected to her exclusion the People offered no evidence that she would be a threat to the officer, nor did the court make findings that the girlfriend would pose a threat to the officer (see, People v Kin Kan, 78 NY2d 54, 58-59; People v Gutierez, 86 NY2d 817; People v Pankey, 219 AD2d 737; cf., People v Dorcas, 218 AD2d 813). Therefore, the defendant is entitled to a new trial.

The trial court also erred by permitting the People to introduce evidence of the defendant's prior sale of drugs at the same location during the 21-month period preceeding the incident giving rise to the present charges, as relevant to the defendant's identification because of the unique modus operandi involved in selling drugs at the same location. Such behavior was not sufficiently unique to warrant the introduction of these prior uncharged crimes (see, People v Beam, 57 NY2d 241, 251; People v Condon, 26 NY2d 139, 144). Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAUGHN GILMORE, Appellant. [656 NYS2d 898] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 28, 1987 (People v Gilmore, 135 AD2d 828), affirming a judgment of the Supreme Court, Kings County, rendered December 6, 1983.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Mangano, P. J., Miller, Thompson and Joy, JJ., concur.