■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RENTAS, Appellant. [677 NYS2d 798] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered March 17, 1997, convicting him of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the

third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (*see*, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones*, 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded his girlfriend from the courtroom during the testimony of an undercover officer. We agree. During the *Hinton* hearing (*see, People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911), the defendant objected to the exclusion of his girlfriend. When a defendant seeks to limit closure to permit the attendance of certain individuals, the People must present evidence that those individuals threaten the safety of the witness (*see, People v Nieves*, 90 NY2d 426; *People v Gutierez*, 86 NY2d 817; *People v Kin Kan*, 78 NY2d 54; *People v Scott*, 237 AD2d 544; *People v Gayle*, 237 AD2d 532; *People v Johnson*, 222 AD2d 456). Although the undercover officer would be returning to the area in which the defendant was arrested, nothing in the record demonstrates that the girlfriend resided or worked in that area. Nor did the People present sufficient evidence that the girlfriend posed a threat to the officer. Therefore, the defendant is entitled to a new trial. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.