■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR DEJESUS, Appellant. [711 NYS2d 754] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 5, 1998, convicting him of criminal sale of a controlled substance in or near school grounds, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends, and the People correctly concede, that he was denied his right to a public trial (*see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4), because the trial court excluded his fiancée from the courtroom during the testimony of the undercover officer. At the hearing conducted pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the People failed to establish that the defendant's fiancée posed a threat to the safety of the undercover officer, as there was no evidence that she either resided or worked in the neighborhood where the officer was actively engaged in buy-and-bust operations. As the closure order was broader than

necessary and not supported by the record, the defendant is entitled to a new trial (*see, People v Rentas,* 253 AD2d 469; *People v Vargas,* 244 AD2d 367; *People v Scott,* 237 AD2d 544; *People v Gayle,* 237 AD2d 532; *People v Pankey,* 219 AD2d 737). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.