■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YANKEE EMATRO, Appellant. [728 NYS2d 162] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered August 18, 1999, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends, and the People correctly concede, that the defendant was denied his right to a public trial (*see,* US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones,* 47 NY2d 409, *cert denied* 444 US 946). After a *Hinton* hearing (*see, People v Hinton,* 31 NY2d 71, *cert*

*denied* 410 US 911), the Supreme Court excluded the defendant's girlfriend from the courtroom during the testimony of two undercover officers, who were to testify to the "buy and bust" procedure that led to the defendant's arrest. Before a trial court may exclude a specific individual from the courtroom by a closure order, the People must present evidence that the individual poses a threat to the safety of an undercover officer, who is going to testify (*see, People v Rentas,* 253 AD2d 469; *People v Scott,* 237 AD2d 544; *People v Gayle,* 237 AD2d 532). Here, the girlfriend's residence in Brooklyn, where the "buy and bust" operation took place, was the only reason advanced by the People for her exclusion. This reason was insufficient (*see, People v Rentas, supra*; *People v Scott, supra*; *People v Gayle, supra*) and therefore the defendant is entitled to a new trial. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.