■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FULHENCIO BALDOMERO, Appellant. [829 NYS2d 207]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 11, 2005, convicting him of criminal sale of a controlled substance in or near school grounds, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In order to justify the closure of a courtroom during the

testimony of an undercover police officer, the People "must first assert that a substantial probability of prejudice to a compelling interest will result from an open proceeding," and then establish "a nexus between the particular overriding interest asserted and open-court testimony" in the particular case (*People v Jones*, 96 NY2d 213, 217 [2001]; *see Waller v Georgia*, 467 US 39, 48 [1984]). On this record, the People did not make a sufficient showing, and therefore the closure of the courtroom deprived the defendant of his Sixth Amendment right to a public trial (*see People v Vargas*, 244 AD2d 367 [1997]; *People v Bobo*, 236 AD2d 417 [1997]).

At the *Hinton* hearing (*see People v Hinton*, 31 NY2d 71 [1972], *cert denied* 410 US 911 [1973]), the undercover officer testified that he no longer operated in the specific area of Brownsville where the alleged sale took place, but that he planned to return there as an undercover officer at an unspecified time "[i]n the future." He also testified that he anticipated returning to the larger "Brooklyn North" area in the "near future." Such unparticularized testimony fell short of meeting "*Waller's* demanding first prong" (*People v Ramos*, 90 NY2d 490, 506 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]) of an "overriding interest that is likely to be prejudiced" by open-court testimony (*Waller v Georgia, supra* at 48). Significantly, there was no evidence that the undercover officer had any lost subjects or open cases from the area of the defendant's arrest or the precinct within which the courthouse was located, that the officer was involved in any long-term undercover operation involving unapprehended subjects, or that any threats had been made against him or members of his family (*cf. People v Ramos, supra*; *People v Martinez*, 82 NY2d 436 [1993]; *People v Gonzalez*, 253 AD2d 684 [1998]).

Although the evidence against the defendant was overwhelming, a new trial is nevertheless required because, as the Court of Appeals has held, the unjustified closure of the courtroom during testimony at a criminal trial is not subject to the harmless error rule (*see People v Jones*, 47 NY2d 409, 415 [1979], *cert denied* 444 US 946 [1979]).

The defendant's remaining contention has been rendered academic in light of our determination and, in any event, is without merit (*People v Utsey*, 7 NY3d 398, 404 [2006]; *People v Castro*, 28 AD3d 674 [2006]). Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.