People v Suazo (2024 NY Slip Op 50862(U))

[*1]

People v Suazo

2024 NY Slip Op 50862(U)

Decided on July 9, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 9, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Elvin Suazo, Defendant

Index No. CR-033643-23KN

Prosecution: Kings County District Attorney's Office by Shaine Kaziszewski
Defendant: Farber Schneider Ferrari LLP by Sarena T. Townsend, Esq.

Joshua Glick, J.

The Prosecution moves to consolidate dockets CR-033643-23KN and CR-033644-23KN, pursuant to CPL §200.20.
Defendant opposes.
For the reasons set for below, the Prosecution's motion is DENIED. Separate trials are ordered.
 BACKGROUND AND PROCEDURAL HISTORY
Defendant was arraigned on two misdemeanor dockets, CR-033643-23KN and CR-033644-23KN on September 14, 2023. Both dockets charge one count each of PL §130.52(1), Forcible Touching, PL §130.55, Sexual Abuse in the Third Degree, and PL §240.26, Harassment in the Second Degree. Both dockets allege conduct that occurred while Defendant was working in his capacity as a massage therapist at Body by Brooklyn. Each docket concerns a different female complainant. 
The charges in docket CR-033643-23KN arise from events that allegedly occurred at 1:30 p.m. on March 5, 2022. Defendant is accused of inserting his finger into the complainant's (hereafter C1) vagina, licking C1's breast, and placing C1's hand on his penis, all without C1's consent. These events allegedly occurred during a couple's massage for which C1's boyfriend and another massage therapist were present in the room.
The charges in docket CR-033644-23KN arise from events that allegedly occurred at 5:40 p.m. on August 27, 2023. Defendant is accused of rubbing the complainant's (hereafter C2) buttocks, placing his penis in C2's hand, and after C2 removed her hand, grabbing her wrist and forcing his penis back into her hand, all without C2's consent. The only two people allegedly in [*2]the room were Defendant and C2.
On December 8, 2023, the Prosecution filed a supporting deposition on docket CR-033643-23KN, a superseding information (SSI) on docket CR-033644-23KN, and a Certificate of Compliance (COC) and Statement of Readiness (SOR) for each case. On December 14, 2023, Defendant appeared in Part SV and was re-arraigned on the SSI. On December 20, 2023, the Prosecution served and filed a Supplemental COC for each case, along with additional discovery materials. On December 28, 2023, the Prosecution filed a motion for a protective order in docket CR-033643-23KN, seeking to redact portions of C1's medical records. On January 19, 2024, Defendant filed an opposition to the Prosecution's motion and a cross motion to dismiss both dockets, alleging defects in the COCs that rendered them illusory. On March 21, 2024, the Court issued a decision granting an in camera inspection of C1's medical records and denying the motion to dismiss.
The Prosecution now moves the Court to consolidate the two dockets and order a single trial. They argue that consolidation serves the ends of judicial economy without unfairly prejudicing Defendant. They assert two theories of joinder: that proof of evidence in one case will be material and admissible in the other, and that the charges arise from the same statutory provisions across both cases. The latter theory is relatively straightforward, as Defendant faces identical charges in both cases. As to the former, the Prosecution argues similarities between the two cases are important to evince a common scheme or plan or modus operandi, demonstrating Defendant's conduct was not merely the result of accidental conduct during a normal massage. The Prosecution argues that the allegations are starkly similar: both involve women who were receiving professional massages from Defendant at the same location, and in both instances, Defendant placed his penis in their hands and inappropriately touched parts of their bodies beyond the scope of the massage. The Prosecution argues that there is little risk of the jury conflating the two incidents at trial, as each relies on the testimony of different witnesses telling a different story; there is no single witness who will offer testimony as to both occurrences.
Defendant argues that even if all the allegations are true, they are not sufficiently similar to demonstrate a common scheme or plan, even considering their identical setting. Defendant points to the differences in the specific conduct alleged and the gap of nearly eighteen months between the two incidents. Because the specific facts alleged are so dissimilar, Defendant argues that proof of one act would not demonstrate that another act was intentional. Moreover, Defendant suggests any argument that some of the alleged acts were accidental is absurd beyond contemplation, such as an argument that Defendant accidentally licked C1's nipple. Defendant argues that introducing both allegations would amount to impermissible propensity evidence, and that the danger of prejudice outweighs the probative value. Defendant highlights the fact that only after C2's accusation did the police decide to arrest Defendant in connection with C1's accusation; Defendant argues this suggests the police did not consider the earlier complaint to be a strong enough case on its own but were convinced of Defendant's guilt when a second complainant emerged. Finally, Defendant asserts that consolidation would have a chilling effect on his right to testify on his own behalf, an issue made more salient by the fact that there were four people present in the room for the alleged events of March 5, 2022, as compared to merely two for the alleged events of August 27, 2024.

 RELEVANT LAW
CPL §200.20(2) governs the circumstances under which joinder is permitted for otherwise separate offenses. CPL §200.20(2)(b) provides that offenses are joinable "even though [*3]based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such a nature that either proof of [either] offense would be material and admissible as evidence in chief upon a trial of the [other]." This may arise because there are overlaps in the evidence of separate offenses (People v Scott, 276 AD2d 280 [2000]). This may also arise when evidence of another offense is offered for a relevant, material purpose, such as prove motive, intent, identity, absence of mistake or accident, or a common scheme or plan (see People v Molineux, 168 NY 264 [1901]). However, evidence of other bad acts is inadmissible solely to establish a defendant's propensity for criminality (id.).
CPL §200.20(2)(c) provides that even where offenses arise from different criminal transactions and are not joinable under CPL §200.20(2)(b), they are joinable when "such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law."
Where offenses are joinable solely under CPL §200.20(2)(c), "the court, in the interest of justice or for good cause shown, may, upon application of either a defendant or the people, in its discretion, order that any such offenses be tried separately from the other or others thereof" (CPL §200.20[3]). "Good cause" includes, but is not limited to, circumstances in which there is substantially more proof of one or more offense than the others and where there is a high likelihood that the jury would not be able to consider proof of each offense separately, and a demonstration that a defendant has a genuine competing urgency to testify about one offense but to refrain from testifying about another (CPL §200.20[3][a]; [b]).

ANALYSIS
Joinder Under CPL §200.20(b)
The two cases at issue do not have overlapping evidence. They each involve separate witnesses who gave their reports to different police officers almost a year and a half apart. This leaves the question of admissibility of the evidence under one of the Molineux categories.
The Court is unpersuaded by the Prosecution's arguments supporting joinder under the Molineux categories. The allegations have few similarities — that they occurred at the same location while Defendant was working as a massage therapist, and that in each Defendant put his penis in the complainant's hand. The rest of the details vary greatly: in one instance, the allegations occurred during a couple's massage, but the other concerns a solo massage; with one complainant, Defendant allegedly inserted his finger into her vagina and licked her breast, whereas with the other, he allegedly grabbed her buttocks; and the events of the two cases are alleged to have happened almost a year a half apart. The disparities between the two cases are far from indicative of a modus operandi or a unique pattern of criminal behavior; on the contrary, evidence of each alleged offense would plainly be disallowed as propensity evidence (see People v Condon, 26 NY2d 139 [1970]; see People v Gayle, 655 N.Y.S.2d 581 [1997]; see People v Weinstein, 2024 NY Slip Op 02222 [2024]; cf. People v Allweiss, 48 NY2d 40 [1979] [holding that evidence of six other crimes was admissible to prove modus operandi where the defendant told a similar strange story about his significant other's rape and assault to several victims, rummaged through his victims' lingerie drawers but left all other drawers untouched, attacked several victims in the same neighborhood in a short span of time, employed similar means of gaining entry his victims' apartments, and threatened each with stabbing or strangling, and where identity was a central issue in the case but there were no witnesses who could identify him]). [*4]Moreover, the Court agrees with Defendant that evidence of one alleged incident would not tend to prove absence of mistake or accident for the other because the specific conduct is too dissimilar. Joinder under CPL §200.20(b) is improper.
Joinder Under CPL §200.20(c)
It is undisputed that the charges in both cases are identical. Thus, joinder is permitted under CPL §200.20(c) is permissible. However, the Court finds that consolidation does not serve the interests of justice and there is good cause to order separate trials (CPL §200.20[3]). In determining whether to consolidate, the Court must "weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from unfair disadvantage" (People v Lane, 56 NY2d 1, 8 [1982]). Ultimately, consolidation is a matter of discretion based on the individual circumstances of a case (id.). However, "compromise of a defendant's right to a fair trial free of undue prejudice as the quid pro quo for the mere expeditious disposition of criminal cases will not be tolerated" (id.).
The Court agrees with the Prosecution that the allegations and surrounding testimony would be easily distinguishable by the jury (People v Berta, 213 AD2d 659 [1995]). In fact, the Court notes that the allegations in these two cases were investigated by different police officers almost a year and a half apart and involve entirely different eyewitnesses. Consolidation would not be substantially more efficient than separate trials, as there is little overlap between the witnesses needed to prove each (see People v Davis, 205 N.Y.S.3d 31 [2024] [holding that where two indictments were consolidated into a single trial, but only two out of thirteen witnesses testified on matters related to both indictments and other evidence related to both indictments was minimal, "any economy gained through the consolidated trial was insignificant, at best"]. The Court is not faced with the impetus to avoid "duplicative" trials.
On the other side of the scale, the Court weighs the danger of unfair prejudice against Defendant. "It would be easier to believe a person guilty of one crime if it was known that he had committed another of a similar character" (People v Molinuex, 168 NY 264, 292 [1901]). Indeed, the Court recognizes a clear, unacceptable risk that, even if the Prosecution has not met their burden of proof, the jury may conclude that Defendant must be guilty if two different people made allegations of a sexual nature against Defendant while he was working as a massage therapist.

 CONCLUSION
For the reasons herein discussed, the Court declines to consolidate dockets CR-033643-23KN and CR-033644-23KN. Accordingly, separate trials are ordered.
This constitutes the decision and order of the Court.
Dated: July 9, 2024
Brooklyn, New York
ENTER:
Hon. Joshua Glick